HERBERT A. DENTON, JR. *et ux. vs.*

ZONING BOARD OF REVIEW OF THE CITY OF WARWICK.

JULY 26, 1957.

PRESENT: Flynn, C. J., Condon, Roberts and Paolino, JJ.

ROBERTS, J. This is a petition for certiorari to review the decision of the zoning board of review of the city of Warwick denying the petitioners' application for an exception or a variance which would permit them to erect a one-family dwelling and a garage on an undersized lot. Pursuant to the writ the board returned to this court a certified copy of the record of the proceedings before it.

It appears therefrom that petitioners are the owners of lot No. 47 on assessor's plat 383 located on Ronaele Drive in the Warwick Neck section of the city of Warwick. It is not disputed that the lot contains 23,011 square feet and that it is in an AA residence district, wherein the ordinance requires a minimum lot area for each principal building of 40,000 square feet. At various times in the past, prior owners of this lot have made application to the board for an exception or variance. Twice during 1950 an owner had been denied permission to convert a barn, which was on the land, into a dwelling house. On April 11, 1951 the then owner, Michael A. Fitzpatrick, was granted permission by the board to convert the barn into a one-family dwelling. Thereafter the building inspector issued a permit for such conversion, and this permit was renewed on March 17, 1953, June 17, 1954, and June 15, 1955. It appears from the record that as renewed the permit authorized the erection of a one-family house on the lot and not merely the conversion of the barn.

The petitioners purchased this lot from Fitzpatrick on

July 15, 1955, one month after the permit was renewed on June 15, 1955. Before purchasing, petitioners had made inquiry concerning their right to build on the lot and they had been assured by someone employed in the office of the building inspector that they would be permitted to erect a one-family dwelling thereon. After acquiring title to the land petitioners were denied a construction permit by the building inspector and were informed that it would be necessary for them to apply to the board for an exception or variance. They made such application on March 20, 1956, and a hearing thereon was held on April 11, 1956.

In their application the petitioners rely specifically on the provisions of section XV (A) 2 and 4 e of the ordinance. Each of these provisions declares the authority of the board to grant a variance in the application of the terms of the ordinance where a literal enforcement thereof would result in unnecessary hardship. This power is conferred upon the board by general laws 1938, chapter 342, §8. It is clear that petitioners were seeking a variance on the grounds of unnecessary hardship. After the hearing on April 11, 1956 the board denied the application and found in substance that the applicants had attempted to observe the provisions of the ordinance but that there was a "self-imposed hardship." In our judgment it is clear that the board found the existence of hardship in this case, but upon concluding that such hardship was "self-imposed" it was of the opinion that it should deny the application.

It is our well-settled law that the legislature, in conferring authority upon boards of review to grant a variance upon a showing of unnecessary hardship flowing from a literal enforcement of the terms of the ordinance contained in said §8 of the act, intended to vest these boards with authority to prevent the indirect taking of land without compensation by depriving the owner of all beneficial use thereof. Where it is shown that such deprivation would follow a literal enforcement of the ordinance and it does not

appear that the interest of the public would be thereby violated, it is the duty of these boards to so exercise their discretion as to avoid confiscation. In *Heffernan* v. *Zoning Board of Review,* 50 R. I. 26, at page 32, we stated: "We have held that when in the circumstances of a particular case the application of an ordinance completely deprived a landowner of all beneficial use of his land, that condition presented such elements of special and great hardship, as would require that a zoning board should exercise its discretion to prevent complete confiscation of the applicant's land without compensation."

The petitioners contend, among other things, that the effect of the board's decision is to deprive them of all beneficial use of their land in violation of their constitutional rights. On the view which we take of the action of the board, it will not be necessary for us at this time to pass upon the constitutionality of either the act or the ordinance, since it is clear from the record that such action was an arbitrary refusal to exercise its discretion, and, therefore, cannot be permitted to stand.

Two provisions of the ordinance apply particularly to petitioners' land. Section IV (A) thereof limits the uses, to which a lot in a Residence AA district may be put, to one single family detached dwelling, a church, public or parochial school, college, library or museum, or a philanthropic or religious institution. More particularly, section IV (C) thereof requires a minimum lot area of 40,000 square feet for each principal building.

It is not disputed that petitioners' lot contains less than the required land area. If the terms of the ordinance above stated were applied literally in this case, there is no permitted use thereunder to which the land may be put. In such circumstances petitioners are deprived of all beneficial use of their lot. We are convinced that the board was aware that a denial of a variance here would result in unnecessary hardship and that it denied petitioners such

relief because it was of the opinion that unnecessary hardship, within the meaning of the act, does not result when the land is purchased with knowledge of the zoning restrictions.

We do not agree with the proposition that an application for a variance must be denied because the applicant knew when he purchased the land that its use was limited by zoning restrictions. In *Strauss* v. *Zoning Board of Review*, 72 R. I. 107, we granted certiorari and quashed the record where the board had granted a variance. In that case the court commented on the knowledge of the applicant concerning the existence of zoning restrictions. But we held that he was not entitled to a variance, because he had failed to establish by competent evidence that an application of the terms of the ordinance would deprive him of all beneficial use of his land. His evidence established only that he could not make the most profitable use of his land in such circumstances. This we stated does not constitute the hardship contemplated by the act. The decision was not predicated either in whole or in part on the fact that the applicant knew of the existence of zoning restrictions affecting the land when he purchased it.

The question of whether an applicant is entitled to a variance because of hardship flowing from a literal application of the terms of the ordinance is in no way dependent upon his knowledge or lack of knowledge of the existence of zoning restrictions affecting the land. The test of one's right to a variance under the act is whether unnecessary hardship would result from a literal application of the pertinent terms of the ordinance. There is ample evidence in the record here to establish that petitioners would be deprived of all beneficial use of their land if the terms of the ordinance were literally applied. For these reasons we are of the opinion that the decision of the board was arbitrary and an abuse of discretion.

The petition for certiorari is granted, the decision of the

respondent board is quashed, and the papers in the case which have been certified to this court are ordered sent back to the board.

FLYNN, C. J., did not participate in the decision.

*Cross, Graham, Reid & Ewing, Alfred N. Stapleton, Edward J. Regan,* for petitioners.

*Ralph T. Lewis, Jr.,* City Solicitor, for respondent.