Thomas Vinacco *vs.* Zoning Board of Review of the City of Warwick.

JUNE 16, 1959.

Present: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

248

FROST, J. This petition for a writ of certiorari was brought to review the decision of the respondent board granting the application of George Peters for an exception under the zoning ordinance of the city of Warwick allowing him to erect a one-family dwelling on an undersized lot. The writ was issued and pursuant thereto the pertinent records have been certified to this court.

It appears therefrom that on July 26, 1948 Frank W. Del Santo and his wife Constance L. Del Santo were the owners of two adjoining lots of land located on Benbridge avenue in the city of Warwick, numbered respectively 89 and 244 on assessor's plat No. 300, each containing 4,000 square feet. Under the zoning ordinance of June 21, 1945 these

lots were designated as residence B. In the area in which they were located it was required that a lot contain not less than 7,000 square feet for the construction of a one-family dwelling. On July 26, 1948 the Del Santos obtained a building permit for the erection of a one-family dwelling which they built wholly on lot 244. In 1949 they conveyed lot 244 and the buildings and improvements thereon to the petitioner and his wife and in 1958 conveyed lot 89 to the applicant George Peters.

Thereafter Peters, as owner of lot 89 which contained only 4,000 square feet, an area too small under the ordinance for the erection of a house, filed the aforesaid application for an exception. Following a hearing thereon, the board granted the exception thereby permitting Peters to erect a one-family dwelling on an undersized lot.

The petitioner's position appears to be as follows. When Peters purchased lot 89 he assumed title thereof under the same infirmities as adhered to his grantors the Del Santos; that Peters purchased said lot with knowledge of its infirmities; that the zoning board of review had no right to grant Peters' application for an exception; and that the board erred in refusing to admit testimony of the former common ownership of lots 244 and 89 and in denying a motion for the purpose of introducing such evidence.

If, as stated by counsel for petitioner in his brief, the Del Santos obtained a permit to build a one-family dwelling on lots 244 and 89, the two lots being considered as a single lot to conform with the area requirements of the zoning ordinance then in effect, and afterwards built wholly on lot 244, did any infirmity attach to lot 89? We are of the opinion that it did not.

If the terms of the building permit were not complied with, the city of Warwick doubtless had authority through its proper officer to compel compliance. Whether Peters knew of the requirement of the permit given to the Del Santos that their house be erected on two lots we cannot

say, but in any event we are of the opinion that no infirmity or disability attached to lot 89. Under the zoning ordinance adopted March 22, 1957, that lot being less than 4,000 square feet in area was a nonconforming lot. Sec. 3.4. The lot lies within a residence A-7 district and the ordinance requires a minimum area of 7,000 square feet for a dwelling in such district. Sec. 5.3. Under sec. 3.4.3 the board is expressly authorized to grant special permission to build on such lots which are less than 5,000 square feet in area.

The zoning board of review also has the power: "In appropriate cases and subject to appropriate conditions and safeguards to make special exceptions to the terms of this ordinance where the exception is reasonably necessary for the convenience and welfare of the public." Sec. 14.2.3.

Peters requested that an exception be made. Was such exception in all the circumstances and especially in view of sec. 3.4.3 reasonably necessary for the convenience and welfare of the public? The board of review thought an exception under such section was reasonable and granted it thereby permitting Peters to erect a dwelling house on the lot. This permission could have been considered by the board as an aid to the public generally by making possible the utilization of a vacant lot for a dwelling house, thus adding to the taxable property in the city.

As to other lots on Benbridge avenue, the one owned by petitioner has an area of only 4,000 square feet. The lot adjoining petitioner's lot on which there is a dwelling has an area of 4,000 square feet. Directly opposite is a lot which is 4,000 square feet in area on which there is a house. Whether permission should be granted to erect dwelling houses on lots of only 4,000 square feet in area is a question of policy which is expressly left to the discretion of the board of review under the provisions of sec. 3.4.3 of the zoning ordinance.

■ Another reason for petitioner's objection to the decision, of the board is that he was not permitted to offer testimony of the former common ownership of lots 244 and 89. We are of the opinion that the board did not err in their refusal to allow this testimony since it was immaterial. It had already appeared that lots 244 and 89 were two separate lots when petitioner purchased lot 244 and that both he and Peters purchased from the Del Santos.

■ Counsel for petitioner cites the case of *Caccia* v. *Zoning Board of Review*, 83 R. I. 146. This was a petition for certiorari to review the decision of a zoning board of review granting an owner's application for a variance to be relieved from complying with certain lot coverage restrictions. That case does not support petitioner's position since the instant application is not for a variance but is for an exception under the ordinance. In *Denton* v. *Zoning Board of Review*, 86 R. I. 219, 133 A.2d 718, we stated that a petitioner should not be denied relief because he knew when he purchased the land that its use was limited by zoning regulations.

After a careful consideration of the record, we are of the opinion that the board did not act arbitrarily or abuse its discretion in granting the special exception.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the records in the case which have been certified to this court are ordered sent back to the board.

*Aram K. Berberian,* for petitioner.

*Ralph T. Lewis,* City Solicitor, for respondent.