231 A.2d 9.

Saravo Brothers Construction Company Inc. *vs.*
Zoning Board of Review of the Town of Johnston.

JULY 5, 1967.

Present: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

Roberts, C. J. This is a petition for certiorari to review a decision of the zoning board of review of the town of Johnston denying the petitioner's application for a variance which would permit it to erect a single-family dwelling house on an undersized lot. Pursuant to the writ, the board has returned to this court a certified copy of the record of the proceedings before it.

The record discloses that petitioner is the owner of a vacant lot 40 feet by 90 feet located in a residence C district, the area of which is 3,600 square feet. It is not dis-

puted that the lot is one of a number of lots platted prior to the enactment of the zoning ordinance of the town of Johnston. The applicant seeks permission to erect a single-family dwelling house, specifically, a ranch house, the dimensions of which would be 24 feet by 40 feet.

The zoning ordinance of the town of Johnston provides that in a residence C district the minimum lot area required for the erection of a single-family detached dwelling is 5,000 square feet. It is provided further that such lot shall have a frontage of 50 feet on the street and shall be not less than 25 feet in depth between the front street line and the building and not less than 25 feet in depth between any side street line and the building.

While the ordinance by its terms provides that in a residence C district the permitted uses include any use permitted in a residence A or B district, the insufficiency of the area of this lot prohibits any of the uses permitted thereunder. The applicant here is seeking only to make the highest use thereof, that is, a single-family detached dwelling; but a literal application of the terms of the ordinance prohibits such a use because the lot does not contain the required 5,000 square feet. In our opinion, this situation deprives the owner of all beneficial use of its land, thereby constituting unnecessary hardship within the contemplation of G. L. 1956, §45-24-19 c.

· The undisputed facts in this case bring it clearly within the purview of *Denton* v. *Zoning Board of Review,* 86 R. I. 219, 133 A.2d 718. In our opinion, the situation confronting the court in *Denton* was precisely that confronting us here, and it would serve no useful purpose to extend this opinion by any lengthy discussion of the findings of the board, all of which clearly are based upon a misconception of the nature of the variance provided for in the enabling act. In *Denton* we said at page 221, 133 A.2d at 719, that it is our well-settled law that the legislature—in conferring

authority upon boards of review to grant a variance upon a showing of unnecessary hardship flowing from a literal enforcement of the terms of the ordinance contained in G. L. 1956, §45-24-19 c, of the act—"* * * intended to vest these boards with authority to prevent the indirect taking of land without compensation by depriving the owner of all beneficial use thereof. Where it is shown that such deprivation would follow a literal enforcement of the ordinance and it does not appear that the interest of the public would be thereby violated, it is the duty of these boards to so exercise their discretion as to avoid confiscation."

We think the language used by this court in the *Denton* case at page 222, 133 A.2d at 720, is particularly apt in the instant case. There we said: "It is not disputed that petitioners' lot contains less than the required land area. If the terms of the ordinance above stated were applied literally in this case, there is no permitted use thereunder to which the land may be put. In such circumstances petitioners are deprived of all beneficial use of their lot." In our opinion, this language has full application to the undisputed facts in the instant case. Because we reach this conclusion, we are constrained to hold that the board's denial of a variance sought by the petitioner constituted an abuse of discretion.

The petition for certiorari is granted, the decision of the respondent board is quashed, and the record in the case which has been certified to this court is ordered returned to the respondent board with out decision endorsed thereon.

*Domenic Tudino,* for petitioner.

*John P. Bourcier,* Town Solicitor, *Frederick R. DeCesaris,* Assistant Town Solicitor, for respondent.