**231 A.2d 783.**

FRANK MOSCHETTI *et ux. vs.* ZONING BOARD OF REVIEW OF THE TOWN OF JOHNSTON.

JULY 21, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

POWERS, J. This is a petition for certiorari which seeks to reverse a decision of the respondent board denying an application for relief from the minimum street frontage requirements of the local ordinance.

We issued the writ, and in compliance with its mandate the relevant records were certified to this court for our examination. After the cause had been argued before us, the parties supplemented the record at our request by stipulating the effective date of the Johnston ordinance and the status of the subject property prior to and after the enactment of the ordinance.

It appears from the record as thus supplemented that petitioners are the owners of an unimproved tract of land fronting on Atwood avenue in said town, which they purchased in October, 1965. The tract consists of lots 1 and 54 on assessor's plat 6. They have a combined frontage on Atwood avenue of 60′ and total land area of 12,000 square feet. Lot 1 has a frontage of 40′ while lot 54 has a frontage of 20′ and each lot has a depth of 200′.

The land is situated in a residence "B" district within which a single-family dwelling is permitted by reason of being a permitted use in a residence "A" district. The Johnston zoning ordinance, however, has a minimum street front-

age requirement of 70' in a residential "B" zone and a minimum area requirement of 7,000 square feet. This latter requirement presents no problem.

After acquiring the two lots as a single parcel in October 1965, petitioners filed an application with respondent board for an exception or variance from the 70' frontage requirement for the express purpose of building a single-family dwelling on the subject property. A hearing was held March 31, 1966, at which petitioner Frank Moschetti appeared and stated his case; one remonstrant objected and the board adjourned, reserving its decision, pending a view of petitioner's property. Thereafter, it voted to deny the relief on the sole ground that "* * * petitioners did not advance any evidence to cause the Board to come to the conclusion that this was a specific case where a literal enforcement of the ordinance involves a substantial hardship upon the petitioners, nor where desirable relief may be granted without substantially derogating from the intent and purpose of the Zoning Ordinance."

From this decision petitioners came to this court by way of certiorari pursuant to the provisions of G. L. 1956, §45-24-20. They contend, in substance, that the board misconceived their jurisdiction and that in light of the record before us, the decision of the board is arbitrary, constitutes an abuse of its discretion and should be reversed. On the authority of *Denton* v. *Zoning Board of Review*, 86 R. I. 219, 133 A.2d 718, and *Saravo Brothers Constr. Co.* v. *Zoning Board of Review*, 102 R. I. 442, 231 A.2d 9, we conclude that there is merit in their contentions.

The petitioners predicated their application for relief on sec. VI, par. "B" - (1) of the Johnston zoning ordinance. It relates to accessory uses and is clearly not the appropriate section to which the application should have been addressed. However, it is apparent that the board treated the application as one addressed to their jurisdiction to

grant variances and, in the circumstances of this case, it is on such authority that the board should have exercised its discretion favorably to petitioners.

It appears that lot 1 on assessor's plat 6 was platted as a lot with a 40 foot frontage on a plat recorded August 22, 1922, at which time zoning was unknown in Johnston. Thus, this portion of the subject property was a nonconforming lot when the Johnston ordinance was adopted on April 14, 1934. See *Saravo Brothers Constr. Co., supra.* Indeed, the minutes for the March 31, 1966 hearing, which are part of this record, disclose that the Saravo application, which was also denied but reversed by this court, was the next order of business following the hearing on the instant petitioners' application.

The record further reveals, however, that subsequent to the passage of the ordinance, namely July 9, 1937, the then owners of lot 1 on assessor's plat 6 acquired lot 54 on said plat and thus assembled the single parcel now owned by petitioners. Since it was the enactment of the ordinance that created the hardship on lot 1, as was the case with the Saravo Brothers property, that lot stood as a classic example of where the power of boards of review to grant variances was intended to be exercised. Addressing ourselves to such a circumstance in *Denton* v. *Zoning Board of Review, supra,* this court held that where it was clear that the literal enforcement of the ordinance would deprive the owner of making any beneficial use of his land and it did not appear that the public interest would be adversely affected thereby, it was the duty of boards of review to grant such relief as was necessary to prevent confiscation. In the instant case, the board frankly concedes that, denied the relief sought, petitioners can make no use of their property.

It is argued, however, that by joining lot 1, a nonconforming lot, with lot 54 which it is suggested is half of an-

other 40′ nonconforming lot, the subject property does not have the nonconforming advantage that was enjoyed by lot 1 prior to the merger. We find no merit whatsoever in this contention. The additional strip of 20′, not lot 54, was undoubtedly acquired in 1937 to make the property as conformable as possible with the ordinance requirement of 70′. We can only speculate that it was not possible for the then owner of lot 1 to acquire a 30′ strip, but we would depart from reason altogether were we to hold that lot 1 as it stood originally would be entitled to relief, but lost that right when enlarged by annexing lot 54. See *Saravo Brothers Constr. Co., supra.*

The petition for certiorari is granted, the decision of the board is quashed, and the records certified are ordered returned to the respondent board with our decision endorsed thereon.

*Anthony B. Sciarretta, Gordon C. Mulligan,* for petitioners.

*John P. Bourcier,* for respondent.