DECISION
Before this Court is an appeal from a decision of the Zoning Board of Review for the City of Warwick (hereinafter referred to as the Board). Filomena Gustafson (hereinafter referred to as Plaintiff) appeals the Board's decision denying a variance for setback, landscaping, and parking requirements, along with the denial of a special use permit. Jurisdiction is pursuant to R.I.G.L. 1956 § 45-24-69.
The subject property is a vacant lot known as Assessor's Plat 244, Lot 213 on the Assessor's Plat Plan for the City of Warwick. The lot has an area dimension of 88' x 210', contains approximately 27, 837 square feet of land, and is in a district zoned for light industrial use. (See Aerial Map and Warwick Zoning Ordinance). The Plaintiff purchased the land on July 30, 1993 and planned to construct an automobile service station which, under the applicable zoning ordinance, is a conditionally permitted use requiring the issuance of a special use permit.
Shortly after purchasing the lot, Plaintiff was granted a variance and a special use permit to construct a 30' x 30' cement block building to use as an automobile service station. The Plaintiff did not begin construction within the one year time frame required by the building permit.[1] The Plaintiff made another application for a variance and special use permit under Sections 701.3 and 505 of the Warwick Zoning Ordinance on December 1, 1994. On the new application the dimensions of the building were larger (40' x 60') than in the earlier application and the building was now to be constructed of steel rather than cement. A hearing was held on April 4, 1995, and a decision was issued denying Plaintiff relief on May 9, 1995.
 The Board made findings of fact including:
 "10. The proposed building would meet all setback requirements and the only relief being sought is for frontage and width.
 "11. The petitioner also does not comply with landscaping and parking requirements.
 "12. The surrounding properties are occupied for light manufacturing and office type operations as the real estate expert for petitioner testified." (See letter from Zoning Board of Review of Warwick to plaintiff, May 9, 1995, pp. 1-2).
In that same decision, the Board denied the variance and the special use permit based on the following findings:
 "A. That the denial of the variance for frontage, width, landscaping and parking would not amount to more than a mere inconvenience because the site has adequate size to permit a legally permitted and economically viable structure.
 "B. That the granting of this request would not be compatible with the neighborhood and area in general because there are no other automotive type operations in the immediate area. The surrounding properties consist of office and light manufacturing type establishments." (See Letter from Zoning Board of Review of Warwick to Plaintiff, May 9, 1995).
The instant appeal followed.
STANDARD OF REVIEW
Superior Court review of a zoning board decision is controlled by G.L. 1956 (1991 Reenactment) § 45-24-69 (D) which provides:
 "45-24-69. Appeals to Superior Court.
 "(D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because finding, inferences, conclusions or decisions which are:
 "(1) In violation of constitutional, statutory or ordinance provisions;
 "(2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 "(3) May upon unlawful procedure;
 "(4) Affected by another error of law;
 "(5) Clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or
 "(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
When reviewing a decision of a zoning board, a justice of the Superior Court may not substitute his or her judgment for that of the zoning board if he or she conscientiously finds that the board's decision is supported by substantial evidence. Apostolouv. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept to support a conclusion and means more than a scintilla but less than a preponderance." Caswell v. George Sherman Sand and Gravel Co.Inc., 424 A.2d 646, 647 (R.I. 1981) (citing Apostolou, 120 R.I. at 507, 388 A.2d at 824-25).
"VITI" AND SPECIAL USE PERMIT
The plaintiff urges that the relief sought is in the nature of a "deviation." A dimensional variance also known as a Viti
variance or deviation, "affords relief from provisions that govern area and setback restrictions and comes into play only when the project involves a permitted use." Northeastern Corp. v.Zoning Bd. of Review, 534 A.2d 603, 605 (R.I. 1987). "[A] conditionally permitted use, which is a euphemism for a use permitted by means of special exception, is [not] synonymous with the phrase `permitted use' for purposes of application of theViti rule." V.H.S. Realty, Inc. v. Bd. of Review, 120 R.I. 785, 792, 390 A.2d 378, 392 (1978). Consequently, "the Viti rule only applies where the relief sought is for a permitted use, never where the applicant seeks both a [Viti variance or] deviation and a special exception . . . ." Id. (citing Sun Oil Co. v. ZoningBd. of Review, 105 R.I. 231, 251 A.2d 167 (1960)).
A service station in an area zoned light industrial requires a special use permit. (See Table I, Warwick Zoning Ordinances). The purpose of the special use permit in the context of zoning is to establish within the ordinance "conditionally permitted" uses.Nani v. Zoning Board of Review, 104 R.I. 150, 242 A.2d 403
(1968); Westminster Corp. v. Zoning Board of Review, R.I. 381,238 A.2d 353 (1968). The fact that a particular use is allowed in a zoning district by special permit means that the municipality has already determined that it is an appropriate use for the district. Nani v. Zoning Board of Review, 104 R.I. 150,242 A.2d 403 (1968) (uses permitted by special exception are those which the local legislature has conditionally permitted and has, at least implicitly, found to be harmonious with those uses which are permitted in the district). Therefore, since plaintiff is seeking a special use permit, the dimensional relief or deviation is unobtainable.
The rules and regulations which govern the exercise of the Board's authority to grant a special use permit are found in Section 906.3 (C) of the Warwick Zoning Ordinance, which reads in pertinent part:
 "(C) Special Use Permit. In granting a special use permit, the board shall require that evidence to [of] the satisfaction of the following standards be entered into the record of proceedings:
 "(1) That the special use is specifically authorized by this ordinance, and setting forth the exact subsection of this ordinance containing the jurisdictional authorization;
 "(2) That the special use meets all of the criteria set forth in the subsection of this ordinance authorizing such special use; and
 "(3) That the granting of the special use permit will not alter the general character of the surrounding area or impair the intent or purpose of this ordinance or the comprehensive plan of the city."
In order to satisfy the conditions, however, the petitioner must show that neither the proposed use nor its location on the premises would have a detrimental effect upon public health, safety and general welfare. Toohey v. Kilday, 415 A.2d 732 (R.I. 1980).
The Plaintiff contends that a property owner who has relied on a pre-existing building permit and has incurred expenses or substantial obligations has a protected interest in that building permit which cannot be impaired or revoked by a zoning board. While counsel has cited various cases in an attempt to support this proposition, they are not controlling in the instant case. The majority of cases cited by Plaintiff involve a zoning change and not, as is the case here, actions by the property owner. InShavey v. Zoning Board of Review, 99 R.I. 692, 210 A.2d 589
(1965), the Court held that "[b]uilding permits lawfully issued for a permitted use should be immune to impairment or revocationby reason of a subsequent amendment to the zoning ordinance." Id. at 593-94 (emphasis added). In Denton v. Zoning Board of Review,86 R.I. 219, 133 A.2d 718 (1957), the petitioner obtained assurance from the city building inspector's office that he would receive permission to build on the lot in question. The zoning board denied the request, and the Supreme Court held that the failure to grant such a request was an arbitrary refusal to exercise its discretion and could not be permitted to stand.Denton, 133 A.2d at 719-20. The plaintiff in that case, however, did renew the building permit in a timely manner, and there was assurance given by the city building inspector that a variance would be granted. That is not the case here. Further, unlike the Plaintiff here, petitioner in Denton had not changed the dimensions and the substance of the proposed building.
The Plaintiff also argues that the decision of the Board is "arbitrary, capricious, and an abuse of discretion." The petitioner offered Mr. McCabe as a real estate expert and he testified that "[t]here are other similar uses, some more intense, some less intense, manufacturing, sales, so forth." (Tr. at 9). Mr. McCabe went further and added, "But I don't find that it would be detrimental to any neighboring properties, nor to the public health, safety and welfare, putting this property to a good use, typical of the area." (Tr. at 9-10). It is settled that prior to an affirmative action in granting an exception, a board must make findings with respect to such conditions precedent as the ordinance prescribes. Melucci v. Zoning Board of Pawtucket,101 R.I. 649, 226 A.2d 416 (1967). In the instant case (though not taking affirmative action), the Board made such findings indicating:
 "That the granting of this request would not be compatible with the neighborhood and area in general because there are no other automotive type operations in the immediate area. The surrounding properties consist of office and light manufacturing type establishments." (See Letter from Zoning Board of Review of Warwick to Plaintiff, May 9, 1995).
To obtain special exception relief under Section 906.3 (c) of the Warwick Zoning Ordinance, the burden is on the petitioner to show that the proposed use will not alter the general character of the surrounding area or impair the intent or purpose of this ordinance or the comprehensive plan of the city.
It is well established that the question of the weight of evidence is exclusively for the Board. Laudati v. Zoning Board ofBarrington, 91 R.I. 123 [91 R.I. 116], 161 A.2d 198 (1960). Although the applicant did submit testimony from an expert witness, it is apparent from the record that the Board is familiar with the surrounding area in question. The Board announced at the hearing that they were familiar with the area stating, "We've all been up there, we know exactly where it is." (Tr. page 9). It is well-settled law in this State that a zoning board of review is presumed to have knowledge concerning those matters which are related to an effective administration of the zoning ordinance. Where it appears from the record that a decision was reached in reliance upon such knowledge, it is considered by this Court to constitute legal evidence sufficient to support such a finding.Monforte v. Zoning Board of Review, 93 R.I. 447, 449,176 A.2d 726, 727-28 (1962).
After a review of the entire record, this Court finds that the Board's decision to deny Plaintiff's application for a special use permit was not clearly erroneous. The decision is neither arbitrary, capricious, characterized by error of law nor an abuse of discretion. Accordingly, the decision of the Board is hereby affirmed.
Counsel for the prevailing party shall submit an appropriate judgment for entry.
[1] Section 1009 (C) of the Warwick Zoning Code reads in pertinent part:
"(C) Any building permit issued prior to the effective date of this ordinance or any amendment thereto may be activated within one year from the date of issuance. Any such permit for a use which by virtue of the adoption of this ordinance or any amendment thereto would become non-conforming may not be renewed if not activated within one year from the date of issuance.