DECISION
Appellant, Anthony Famiano, Jr. ("Appellant"), challenges the City of Warwick Zoning Board of Review's ("Appellee") denial of a dimensional area variance to Appellant. This Court has jurisdiction pursuant to R.I.G.L. 1956 § 45-24-69.
 FACTS AND TRAVEL
Appellant is the owner of a substandard lot identified as Assessor's Plat 357 Lot 288 ("the property"). Appellant first purchased the property in July 1988. After several transfers in ownership, Appellant again purchased the property at a tax sale in November 1999. (Tr. at 3). The property is currently undeveloped and Appellant wishes to construct a single family home on the premises. While the proposed dwelling is a permitted use under the zoning ordinance, the property is located in an A-7 zone which requires a minimum lot area of 7,000 square feet. The subject property measures only 3,200 square feet and therefore is nonconforming with respect to lot size. The ordinance further requires that land zoned A-7 have a minimum street frontage of seventy (70) feet. The property contains only forty (40) feet of street frontage. Appellant seeks a dimensional variance as relief from the minimum area and frontage requirements.
On March 20, 2000, Appellant submitted his application for a dimensional variance to the Board. The Board heard the petition on May 16, 2000 and rendered its decision denying Appellant's petition for a dimensional variance on June 28, 2000. The Board found that:
 "1. The hardship from which the petitioner seeks relief is not [due] to the unique characteristics of the subject land or structure and not to the general characteristics of the surrounding area but is due to the economic status of the applicant because the applicant purchased the undersized lot at a tax sale as a vacant parcel which failed to conform to the zoning and is now trying to build a house to sell.
 2. Said hardship is the result of prior action of the applicant and does result primarily from the desire of the applicant to realize greater financial gain because the petitioner purchased the lot knowing it was undersized and required a variance.
 3. The granting of the requested variance will alter the general characteristic of the surrounding area and impair the intent or purpose of this zoning ordinance and comprehensive plan of the City because there are no dwellings within the immediate area that are located on a 3,200 square foot lot.
 4. The relief requested is not the least relief necessary because the petitioner created his own financial burden when he purchased the undersized nonconforming lot at a tax sale."
(Emphasis added.) (Decision at 2.) Appellant then timely filed the instant appeal.
On appeal, Appellant argues that the Board's decision was affected by error of law in that the Board decided that Appellant's hardship resulted from Appellant's prior action and primarily from a desire to realize greater financial gain. Specifically, Appellant avers that the Board erred when it considered evidence that Appellant knew that the property was nonconforming before he purchased it. Appellant contends that by relying on such evidence the Board misapplied the law resulting in a decision affected by error of law.
 STANDARD OF REVIEW
General Laws § 45-24-69 provides in relevant part that when reviewing the decision of a zoning board of review, the Superior Court:
 shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The Court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions, or decisions which are:
(1) In violation of constitutional, statutory, or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
When reviewing the decision of a zoning board of review, this Court must examine the entire certified record to determine whether substantial evidence exists to support the findings of the zoning board of review.Salve Regina College v. Zoning Bd. of Rev., 594 A.2d 878, 880 (R.I. 1991) (citing DeStefano v. Zoning Bd. of Review of Warwick, 122 R.I. 241, 245,405 A.2d 1167, 1170 (1979)). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a preponderance." Caswell v. George Sherman Sand and Gravel Co., Inc.,424 A.2d 646, 647 (R.I. 1981) (citing Apostolou v. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978)). The essential function of the zoning board of review is to weigh evidence with discretion to accept or reject the evidence presented. Bellevue Shopping Center Associates v. Chase,574 A.2d 760, 764 (R.I. 1990). Moreover, this Court should exercise restraint in substituting its judgment for the zoning board of review and is compelled to uphold the Board's decision if the Court "conscientiously finds" that the decision is supported by substantial evidence contained in the record. Mendonsa v. Corey, 495 A.2d 257, 260 (R.I. 1985) (quotingApostolou v. Genovesi, 120 R.I. 501, 509, 388 A.2d 821, 825 (1978)).
 THE DIMENSIONAL VARIANCE
While an applicant for dimensional relief may not create the very hardship necessitating the relief, see Sciacca v. Caruso, 769 A.2d 578, 584 (R.I. 2001), the question of whether an applicant knew that his or her prospective property was undersized at the time of purchase is not a factor that may be employed as support for the denial of an application.DeStefano v. Zoning Bd. of Review, 122 R.I. 241, 248, 405 A.2d 1167
(1979) (superseded only as it "relate[s] to the burden of proof required to authorize the granting of a dimensional variance." Sciacca, 769 A.2d at 583). In the instant matter, Appellant cannot be said to have "created" his hardship. "`The label of [of self-created hardship] seems to be most properly employed where one acts in violation of an ordinance and then applies for a variance to relieve the illegality.'" Sciacca, 769 A.2d at 584 (quoting 7 Patrick J. Rohan, Zoning and Land Use Controls
§ 43.02[6] at 43-66 (1998). The record is void of any evidence establishing that Appellant in some way violated the City of Warwick zoning ordinance and is now applying for a variance to relieve the illegality. Furthermore, the grant or denial of a variance is in no way dependant upon an applicant's knowledge of the existence of zoning restrictions affecting the property. Brum v. Conley, 572 A.2d 1332, 1336 (R.I. 1990); Denton v. Zoning Bd. of Warwick, 86 R.I. 219, 223, (1957). The Board should not have considered evidence of Appellant's prior, personal knowledge anent the zoning provisions applicable to the property. The Board's decision based on such evidence was effected by error of law warranting remand.
On remand, the Board should consider the following factors relevant to dimensional variance analysis. General Laws § 45-24-41(c) and (d) provide the requirements for obtaining a dimensional variance. General law § 45-24-41(d)(2) is particularly important as is the analogous provision in Warwick zoning ordinance Section 906.3 which nearly mirrors the General Law. General Laws § 45-24-41(d)(2) states that:
 in granting a dimensional variance, that the hardship suffered by the owner of the subject property if the dimensional variance is not granted amounts to more than a mere inconvenience, which means that there is no other reasonable alternative to enjoy a legally permitted beneficial use of one's property. The fact that a use may be more profitable or that a structure may be more valuable after the relief is granted is not grounds for relief.
As a result, an applicant seeking a dimensional variance has the burden of establishing that a factual basis appears in the record that there is "`no other reasonable alternative' that would allow the applicant to enjoy a legally permitted beneficial use of the property." Bernuth v.Zoning Bd. of Review, 770 A.2d 396, 401 (R.I. 2001).
The Zoning Board of Review failed to discuss or inquire as to whether or not there were any reasonable alternatives that would allow the Appellant to enjoy the legally permitted use of his property. On remand, the Board must consider Appellant's application for dimensional relief in light of R.I.G.L. 1956 § 45-24-41(d)(2) and Section 906.3 of the zoning ordinance.
 CONCLUSION
After a review of the entire record, the Court finds that the decision of the Board was affected by error of law. The grant or denial of a variance is in no way dependent upon an applicant's knowledge of the existence of zoning restrictions affecting the property. The Board's reliance on Appellant's personal knowledge prior to his purchase of the property constituted an error of law. Therefore, the decision of the Board is hereby reversed. The case is remanded to the Board for further hearing consistent with this opinion.
Counsel shall submit the appropriate judgment, for entry by the Court after notice.