234 A.2d 355.

V. S. H. REALTY, INC. *vs.* ZONING BOARD OF REVIEW OF THE CITY OF WARWICK.

OCTOBER 25, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

Roberts, C. J. This is a petition for certiorari brought to review a decision of the zoning board of review of the city of Warwick denying permission for the erection of a building to house a retail store on a lot located in a district zoned for general business uses. Under the zoning classification a retail store is a permitted use in such a district. The writ issued, and pursuant thereto the respondent has returned to this court a certified copy of the record.

The record discloses that petitioner is the owner of an irregularly shaped lot located on the westerly side of Warwick avenue at the intersection of Sachem avenue. This lot contains about 4,000 square feet with a frontage along Warwick avenue of 48 feet. It extends westerly from Warwick avenue for a distance of approximately 100 feet to a rear line, which measures 37 feet. At the present time it is occupied by a dwelling house that is no longer used for residential purposes. It further appears that petitioner proposes to erect a one-story building 30 feet by 50 feet that would be occupied by a unit of a chain of retail milk stores.

The petitioner seeks relief specifically under the provisions of sec. 14.2.2 of the zoning ordinance, which provides for the granting of a variance to the terms of the ordinance when a literal application thereof would result in unnecessary hardship to the landowner. This provision of the ordinance is to some extent a paraphrase of G. L. 1956, §45-24-19 (c). The petitioner seeks relief from secs. 6.8.3 and 6.9.3 of the ordinance, which prescribe the distances that buildings must be set back from the lot lines. It is not disputed that compliance with these provisions of the ordinance would require the building to be so located on

the lot as to maintain a side yard along Sachem avenue 25 feet from the lot line and a rear yard of 8 feet. The ordinance requires also that there be a front yard 45 feet in depth, but it appears that this requirement would be complied with in the erection of the proposed building.

An examination of the record discloses that counsel for petitioner informed the board in general terms as to the size of building needed for the proposed use and asserted its inability to construct a suitable store if strict compliance with the pertinent ordinance provisions is required. There was also some discussion as to the area provided for the parking of cars of potential customers. Three objectors testified as to their concern about the effect that parking by customers of the proposed retail store would have upon their ingress and egress to and from their own properties.

The board, in denying the application, referred to the fact that it had inspected the property and had knowledge of the conditions that existed in that particular area of the city. Specifically, the board said: "* * * after viewing the property and being thoroughly familiar with this particular piece of property on heavily congested Warwick Avenue, and due to the very small size of the lot in question, the Board feels that the granting of this petition would be contrary to public interest and would only add to the already existing traffic congestion * * *."

It is abundantly clear that the board intended to overcome the paucity of evidence in the instant record by purporting to rest its decision upon information it acquired by an inspection of the property and on the presumption that such boards have a special knowledge of matters that are peculiarly related to the administration of a zoning ordinance and of local conditions as they are affected by provisions of the zoning ordinance.

However, as we held in *Kelly* v. *Zoning Board of Review,*

94 R. I. 298, 180 A.2d 319, while this court will presume the possession of such special knowledge by these boards of review, it will not presume that in making a challenged decision the board acted pursuant to such special knowledge in the absence of some disclosure in the record as to the circumstances on which it relied. We went on in that case to note that this court would not presume that a board reached a decision pursuant to knowledge acquired through an inspection of the property under consideration unless the record contains some reasonable disclosure as to the knowledge so acquired and that it acted pursuant thereto.

Despite the board's reference to having inspected the property and having knowledge of the conditions in the area, the record contains no disclosure as to what it observed or as to what conclusions it drew from its knowledge of the area. It appears from the decision that in addition to the small size of the lot, the board was resting its denial upon its conclusion that a grant of the variance sought would result in a generation of additional traffic in the area with a consequent increase in congestion. However, nowhere in the record does the board disclose the facts or circumstances upon which it concluded that the operation of a retail store on this particular lot would bring additional traffic into the area or complicate the parking problems that the evidence discloses already exist in the area. We are constrained to conclude in these circumstances that there is in this record no legal evidence upon which the decision of the board could have reasonably rested, and, therefore, its action was arbitrary and constituted an abuse of discretion.

We attach significance, however, to the fact that nowhere does the record indicate that the board gave any consideration to the question of whether a literal enforcement of the ordinance provisions relating to side and rear lot line restrictions would work unnecessary hardship on this petitioner and deprive it of all beneficial use of the lot under

the applicable zoning restrictions. In *Denton* v. *Zoning Board of Review*, 86 R. I. 219, 133 A.2d 718, we considered the case of an application for a variance to the terms of an ordinance limiting the pertinent use to single residences and requiring a minimum area of 40,000 square feet for each such structure. The petitioner therein sought to make the permitted use of the lot but was denied the variance sought because the lot was undersized.

In that case we held that the legislature, in giving boards of review authority to grant a variance upon a showing of unnecessary hardship flowing from a literal enforcement of the terms of an ordinance, "* * * intended to vest these boards with authority to prevent the indirect taking of land without compensation by depriving the owner of all beneficial use thereof. Where it is shown that such deprivation would follow a literal enforcement of the ordinance and it does not appear that the interest of the public would be thereby violated, it is the duty of these boards to so exercise their discretion as to avoid confiscation." There we noted that there was no other permitted use of such land available to the owner and that a literal application of the terms of the ordinance would be confiscatory and that, therefore, a variance should be granted.

We are persuaded that in the instant case an application of the rule in the *Denton* case could very well lead to a similar result. While there is no evidence in this record tending to establish that no other permitted use can be made of the lot, an examination of the ordinance indicates that none of the uses permitted in a general business district would have any reasonable application to a lot of the area and dimensions of this particular parcel. Neither is there in this record any evidence indicating that the grant of a variance would not be violative of any public interests. It may be that a new application relating to this property will be filed. At a subsequent hearing on such application, evi-

dence may be adduced from which the board could reasonably find that under the ordinance there is no other permitted use that could be made of this lot and that the grant of a variance permitting the erection of a building thereon not complying fully with the side and rear lot line restrictions would not violate the public interest. In such circumstances, it is our opinion that the rule stated in *Denton* would become applicable, and that a variance could properly be granted, subject to reasonable conditions as to the precise location of the building on the lot.

The petition for certiorari is granted, the decision of the respondent board is quashed, and the record certified is ordered sent back to the board.

*Graham, Reid, Ewing & Stapleton, James A. Jackson,* for petitioner.

*Robert C. Hogan,* Assistant City Solicitor, for respondent.