405 A.2d 1167.

JOHN F. DeSTEFANO *et al. vs.*
ZONING BOARD OF REVIEW OF THE CITY OF WARWICK.

AUGUST 24, 1979.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

BEVILACQUA, C.J.    This is a petition for certiorari brought to review a Superior Court judgment which affirmed a decision of the respondent Zoning Board of Review of the

City of Warwick (the board). The board had denied petitioners' application for a variance and special exception from certain area and set-back requirements. We issued the writ, and pursuant thereto, all records pertinent to the matter have been certified to this court.

The record discloses that petitioners, John F. and Joyce DeStefano, own a parcel of real estate located at the corner of Davidson and Summerland Roads. The petitioners wished to construct a single family dwelling on the property. While such a dwelling is a permitted use under the applicable zoning ordinances, the regulations require a minimum area of 7,000 square feet. The lot in question, however, contains only 5,000 square feet.

In order to accomplish their goal, petitioners filed an application for relief with the board. They sought a special exception to build on the undersized lot and relief from various zoning regulations prescribing minimum set-back requirements.

At the hearing before the board petitioners offered the testimony of a recognized real estate expert who examined both the parcel in question and the plans for the proposed structure. The expert testified that the proposed building was in accord with the character of the neighborhood and would not diminish the value of surrounding property. He further stated that failure to allow the proposed use would work a "hardship" upon petitioners because of the lack of additional land adjoining the property.

Several individuals testified in opposition to petitioners' request for relief. These remonstrants cited the fact that they too had purchased undersized lots in the area and were required to acquire additional property in order to construct their dwellings. According to the objectors, petitioners should be bound in similar fashion. One individual also testified that he had unsuccessfully tried to purchase the lot from petitioners on several occasions.

The board issued the following decision denying petitioner's application:

"After hearing all of the testimony and viewing the premises and the surrounding area, the Board makes the following findings:

"1. This is the application of John F. DeStefano seeking an exception or variance to the Zoning Ordinance to erect a single family dwelling on an undersized lot with less than required setback from the street lot line on the easterly side of Summerland Road and the Corner of Davidson Road located on Assessor's Plat 364, Lot 174, zoned Residence A-7.

"2. In order for the applicant to qualify for a variance, he must demonstrate to the Board that a denial of the proposed use would result in a deprivation of the total beneficial use of the property. The applicant did not adduce any testimony concerning his inability to put the land to any other use or to sell said land. As a matter of fact, the only testimony that was adduced was by remonstrant who testified that he had approached the applicant to purchase said land and applicant refused. Therefore, the testimony of the applicant concerning a variance is not to be relied on and is totally without credibility.

"3. In order for the applicant to qualify for a special exception he must demonstrate to the Board that the proposed use would not be inimical to the public health, safety, morals and welfare. Testimony was adduced by a bona fide real estate expert who testified that the proposed use would not devalue the surrounding property and would enhance rather than detract. This was the only evidence that was submitted on behalf of the applicant that could demonstrate the standard for a special exception. However, the Board in its own expertise in administering the Zoning Ordinance and based on its own knowledge of the premises and its locality, takes issue with the real estate expert and further states as a matter of fact that the proposed use would devalue the surrounding property. There was no

testimony concerning any traffic problem or any of the other ancillary issues which are likewise to be demonstrated as a burden of proof upon the applicant. The applicant has failed in its burden of proof.

For these reasons, the petition is denied."

The petitioners' appealed this decision to the Superior Court under G.L. 1956 (1970 Reenactment) §45-24-20. Following a hearing, the trial justice denied the appeal on the basis that the board neither misconceived the evidence before it nor abused its discretion in ruling on the application. Specifically, the trial justice pointed out that petitioners knew the lot was undersized when they acquired it. The trial justice also concluded that, with respect to the requested variance, petitioners had failed to meet their burden of showing that they were being denied all beneficial use of their property. The trial justice further found that petitioners had failed to demonstrate that granting a special exception would not be inimical to the public health, safety, morals and welfare.

Before us, petitioners contend that in denying their application both the board and the trial justice acted arbitrarily and abused their discretion. The petitioners argue that there is no competent evidence in the record which contradicts the testimony presented by their expert witness establishing their entitlement to the relief sought. Specifically, petitioners point to the board's failure to set forth the facts upon which it relied in denying the requested special exception. The petitioners also allege that sufficient evidence was adduced to justify granting the variance.

I

As a threshold observation, we point out the the Superior Court, in reviewing the action of a zoning board, must examine the entire record to determine whether "substantial" evidence exists to support the board's findings. *Apostolou* v. *Genovesi*, 120 R.I. 501, 502, 388 A.2d 821, 824-25 (1978). On certiorari to this court we review the record to determine

whether competent legal evidence exists to support the findings of the Superior Court. *Hardy* v. *Zoning Board of Review*, 119 R.I. 533, 541, 382 A.2d 520, 525 (1977).

During the course of oral argument, counsel for both parties evidenced a degree of confusion regarding the proper standard to be applied in evaluating petitioners' claim. We therefore once again set forth the various measures which can be employed in seeking relief from area and set-back requirements.

As we observed in *Sun Oil Co.* v. *Zoning Board of Review*, 105 R.I. 231, 251 A.2d 167, 169 (1969), relief from these requirements may be granted under applicable local ordinances. Additionally, relief may be obtained as a deviation under the standards enunciated in *Viti* v. *Zoning Board of Review*, 92 R.I. 59, 166 A.2d 211 (1960). *See also Rozes* v. *Smith*, 120 R.I. 515, 519, 388 A.2d 816, 819 (1978).

An applicant seeking a special exception must show that "neither the proposed use *nor its location* on the site would have a detrimental effect upon the public health, safety, welfare and morals." *Hester* v. *Timothy*, 108 R.I. 376, 385-86, 275 A.2d 637, 641-42 (1971) (emphasis in original) citing *Nani* v. *Zoning Board of Smithfield*, 104 R.I. 150, 156, 242 A.2d 403 (1968). The granting of a variance is conditional upon a showing that literal adherence to the relevant zoning ordinances would deprive the owner of all beneficial use of his land. *Westminster Corp.* v. *Zoning Board of Review*, 103 R.I. 381, 386, 238 A.2d 353, 356 (1968). Under the principles enunciated in *Viti* v. *Zoning Board of Review*, 92 R.I. 59, 166 A.2d 211 (1960), where a property owner is seeking relief from area and set-back requirements for a use permitted by the ordinance, he need only demonstrate an adverse impact amounting to more than a mere inconvenience.

The *Viti* doctrine, however, was never intended to operate where the requested relief can be obtained through local zoning ordinances. Here §§3.4.3 and 14.2.3 of the Warwick Zoning Ordinances allow the board to grant a special exception for the construction of a permitted use on an undersized

lot. Section 14.2.2 of the ordinances empowered the board to grant relief from set-back requirments. The *Viti* doctrine is therefore inapplicable in the present case.

## II

We now turn to the merits of petitioners' application. With regard to the denial of the special exception, petitioners challenge the board's failure to disclose the special knowledge it relied upon in rejecting the expert testimony that the proposed structure would not have a detrimental effect on the surrounding property. In its decision, the board did refer to its knowledge of existing conditions in that area of the city. The board stated "the Board, in its own expertise in administering The Zoning Ordinance and based on its own knowledge of the premises and its locality, takes issue with the real estate expert and further states as a matter of fact that the proposed use would devalue the surrounding property."

We ruled in *Kelly* v. *Zoning Board of Review*, 94 R.I. 298, 303-04, 180 A.2d 319, 322 (1962), that a board is presumed to possess special knowledge concerning local conditions and needs as they relate to zoning. A decision reached by the board pursuant to such special knowledge will not be upheld, however, unless the record reveals the underlying facts or circumstances the board derived from its knowledge of the area. *Perron* v. *Zoning Board of Review*, 117 R.I. 571, 576, 369 A.2d 638, 641 (1977), and cases cited herein.

Despite the board's reference to having knowledge of the conditions in the area, the record in the instant case contains no disclosure as to what conclusions it drew from this knowledge. The board apparently based its denial upon the observation that the special exception sought would devalue the surrounding property. However, the record is barren of any disclosure of the facts upon which it concluded that a devaluation would result. There being no legal evidence upon which the decision could reasonably rest, we must conclude that the board's action was arbitrary and an abuse of discretion. *See V.S.H. Realty, Inc.* v. *Zoning Board of Review*, 103 R.I. 16, 19, 234 A.2d 355, 357 (1967).

## III

With respect to the requested relief for a variance, we find the record equally barren of competent evidence to support the respondent's decision. The record clearly demonstrates that petitioners are being deprived fo the beneficial use of their property. An examination of the pertinent zoning ordinances indicates that none of the other uses permitted in a residential district would have any reasonable application to the parcel in issue. The board's denial of the requested variance cannot, therefore, be sustained.

## IV

Finally, we observe that both the respondent and the trial court also relied upon the fact that the petitioners allegedly knew that the lot in question was undersized at the time they made the purchase. This factor cannot be employed as support for the denial of an application. *See Denton* v. *Zoning Board of Review*, 86 R.I. 219, 223, 133 A.2d 718, 720 (1957).

The petition for certiorari is granted. The judgment of the Superior Court is quashed, and the records certified to this court are hereby remanded to the Superior Court with our decision endorsed thereon.

*Thomas A. Lynch*, for petitioners.

*William J. Toohey*, City Solicitor, *Russell Bramley*, *William F. Calise*, Assistant City Solicitors, for respondent.