[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Plaintiff John Meehan is the owner of the vacant land at 336-338 Admiral Street, Providence, R.I. designated as Assessor's Plat 70, Lot 139. He applied for a building permit to construct a two (2) family dwelling on said land and was denied by the Building Inspector.
Plaintiff filed with defendant Board a petition for an exception from Section 26-A-2(b) and 43-C-1 of the Zoning Ordinance which provides:
 "(b) In any R-3 Zone, a building on such a lot may contain two (2) dwelling units, provided that the lot shall have a width of 40 feet and an area of at least 4,000 square feet."
The lot in question has a frontage of 40 feet and an area of 3,200 square feet and is in an R-3 Zone.
Section 26-A-2(c) provides:
 "(c) The Zoning Board of Review may grant a special exception as provided for in Sections 91 and 92 and permit any lot in an R-3 Zone to contain two (2) dwelling units, provided that the lot shall have a width of at least 35 feet and an area of at least 3,200 feet, and further provided that the Board finds that such use is in conformity with the surrounding neighborhood and not contrary to the public convenience and welfare."
This court is bound to review the record to determine whether "substantial" evidence exists to support the defendant's findings. DeStefano v. Zoning Board of Review of Warwick,122 R.I. 241, 245; 405 A.2d 1167, 1170 (1979)
At the hearing plaintiff testified as to his intent, presented photographs of the area and had Richard Zompa testify as a real estate expert. In the record there is a recommendation from the Department of Planning and Development which concludes that the "proposal does not conflict with the overall dwelling density pattern of this area, the draft Comprehensive Plan or the proposed draft Zoning Ordinance" and "No objection is offered to the granting of this petition."
The sole objector was Corinne Campanella who testified that she lived in the house next door (I assumed from her testimony and the list of abutters — at 354 Admiral Street — which is a two-family house on the northwest side of the lot in question) who in conjunction with her mother and sister own this two-family house and a three-family house immediately adjacent on the northwest side. Both houses are situated on what appear to be 40' x 80' (3,200 sq. ft.) lots originally, but the three-family house lot has been reduced to accommodate the house immediately to its northwest boundary.
A sketch of the locale placed in evidence, substantiated by the testimony of Mr. Zompa and the photographs indicates that the two lots immediately to the southeast also contain two-family houses on what appear to be 40' x 80' lots (3,200 sq. ft.).
In addition to these adjourning properties, other properties within 100 feet of locus are six one-family houses, a gas station, two commercial properties and vacant land.
The Planning Department's recommendation acknowledges that, "The surrounding properties consist of one, two and three-family dwellings and commercial uses including a gasoline station all ranging from fair to good condition".
The only evidence presented or cited in the record on the issue of detrimental effect on the neighboring properties and on the public health, safety and welfare is the testimony of Mrs. Campanella. She established no credentials as an expert but testified solely on the effect of the proposal by the plaintiff upon her and her family, and some totally irrelevant and/or non-probative matters.
On the question then of "substantial" evidence in the record to support the defendant's findings, there is none — not even "meager" evidence. If anything, the evidence is "substantial" in favor of the applicant.
When the record as a whole is reviewed there appears to this court no rational reason to have denied this application. This matter is remanded to the defendant Board with instructions to grant plaintiff's application.
The plaintiff's appeal is sustained.