DECISION
This matter is before this Court on appeal from a decision of the Warwick Zoning Board of Review (hereinafter Board) denying plaintiff's request for a dimensional variance. Jurisdiction is pursuant to G.L. 1956 § 45-24-69.
FACTS/TRAVEL
Peter M. Matteo (hereinafter Plaintiff) is the owner of a parcel of real estate located in Warwick, Rhode Island, specifically referred to as Warwick Tax Assessor's Plat No. 363, Lot No. 302 (hereinafter Lot). The Lot is located at the intersection of Wellington Avenue and Inez Avenue (a paper street). The Lot is forty feet wide and one hundred feet long and thus contains four thousand square feet.
Plaintiff has owned the Lot since 1958 and wishes to construct a 24 foot by 30 foot single family residence. The lot is situated in an A-7 zoning district, which, pursuant to Warwick Zoning Ordinance Table 2A, permits a single family dwelling. However, § 906.3 (A) of the Warwick Zoning Ordinance sets forth particular dimensional requirements. In the instant case, Plaintiff's Lot meets all dimensional requirements except lot area frontage, lot width and front yard setbacks. It is these regulations from which Plaintiff seeks relief. More specifically, a lot in an A-7 zone requires seven thousand (7,000) square feet; the Plaintiff has only four thousand (4,000). See Table 2A, Warwick Zoning Ordinance. Frontage and lot width require seventy feet, while Plaintiff has only forty feet.[1] Finally, the Ordinance requires a front yard setback of twenty-five feet, and Plaintiff has only eight feet on Inez Avenue.
A hearing was held before the Board on May 21, 1996. Plaintiff presented evidence from two experts. The first expert, Mr. Thomas Clarkin, testified that the proposed residence would not alter the general characteristics of the surrounding area and that there is no other alternative use of the property that would be reasonable. The second expert, Mr. Peter Ruggiero, testified that the proposed residence is appropriately sized and the character of the surrounding area would not be altered. This witness further testified that the dwelling meets the requirements and qualifies for the relief intended in the Warwick Code and it would not impair the purpose or intent of the comprehensive plan of the City. Several abutters testified objecting to the building of the residence, and a petition was circulated and signed by ninety-five (95) members of the Buttonwood area protesting building on undersized lots.
A decision was issued on June 19, 1996, denying Plaintiff's request for relief. Specifically, the Board denied the application for the following reasons:
 "A. That the granting of this request would alter the general characteristics of the surrounding area because the proposed setback is substantially less than the setbacks on the lots within the immediate area.
 "B. That the relief requested from the setback regulations will impair the intent and purpose of the zoning ordinances and the comprehensive land use plan for the City of Warwick because the proposed setback is severely insufficient from Inez Avenue. Inez Avenue is presently a paper street, not an abandoned street, therefore the setbacks must be met, Inez Avenue may at some point be paved and become a public throughway. The set back proposed will hamper visibility for motorists utilizing Inez Avenue.
 "C. The proposed setback relief is not the least relief necessary because the house could be made smaller and/or moved further back on the lot." See Decision letter, June 19, 1996.
The instant appeal followed.
STANDARD OF REVIEW
Superior Court review of a zoning board decision is controlled by G.L. 1956 (1991 Reenactment) § 45-24-69 (D), which provides:
 "45-24-69. Appeals to Superior Court
 "(D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 "(1) In violation of constitutional, statutory or ordinance provisions;
 "(2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 "(3) Made upon unlawful procedure;
 "(4) Affected by other error of law;
 "(5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 "(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
When reviewing a decision of a zoning board, a justice of the Superior Court may not substitute his or her judgment for that of the zoning board if he or she conscientiously finds that the board's decision was supported by substantial evidence.Apostolou v. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a scintilla but less than a preponderance." Caswell v. George Sherman Sandand Gravel Co., Inc., 424 A.2d 646, 647 (R.I. 1981) (citingApostolou, 120 R.I. at 507, 388 A.2d 824-25). The reviewing court "examines the record below to determine whether competent evidence exists to support the tribunal's findings." NewEngland Naturist Ass'n, Inc. v. George, 648 A.2d 370, 371 (R.I. 1994) (citing Town of Narragansett v. International Associationof Fire Fighters, AFL-CIO, Local 1589, 119 R.I. 506,380 A.2d 521 (1977)).
VITI VARIANCE
When a landowner seeks special treatment under zoning ordinances for a parcel of land, this special treatment may be referred to as a variance. More specifically, there are different types of variances, including a "true" variance and a deviation.Gara Realty Inc. v. Zoning Board of Review of South Kingston,523 A.2d 855, 858 (R.I. 1987). A "true" variance is necessary when the relief sought is to use land for a use not permitted under the applicable zoning ordinance. Id.; Westminster Corp.v. Zoning Board of Review of Providence, 103 R.I. 381, 385,238 A.2d 353, 356 (1968). A deviation, by contrast, is relief from restrictions governing a permitted use, such as setback restrictions. DeStefano v. Zoning Board of Review of Warwick,122 R.I. 241, 246, 405 A.2d 1167, 1170 (1979).
LANDOWNER'S BURDEN
A landowner who seeks the relaxation of certain regulations, need only prove that strict adherence to the regulations will amount to something more than a mere inconvenience. H. J.Bernard Realty Co. Inc. v. Zoning Board of Review, 96 R.I. 390, 394, 192 A.2d 8, 11 (1963); Viti v. Zoning Board of Review,92 R.I. 59, 64-65, 166 A.2d 211, 213 (1960). This standard has become known as the "Viti" doctrine.
In the case at bar, Plaintiff seeks a deviation from the regulation of a permitted use. Although Table 2A of the Warwick Zoning Ordinance allows the construction of a single family dwelling in a district zoned A-7, this is conditioned upon the Plaintiff satisfying the minimal lot size requirement of seven thousand (7,000) square feet. Plaintiff's threshold burden before the Board was to prove that the denial of the requested variance would constitute an adverse impact amounting to more than a mere inconvenience. DeStefano v. Zoning Board of Review of Warren,122 R.I. 241, 246, 405 A.2d 1167, 1170 (1979); H. J. Bernard, 96 R.I. at 394, 192 A.2d at 11.
Our Supreme Court has defined more than a mere inconvenience to mean "that an applicant must show that the relief he is seeking is reasonably necessary for the full enjoyment of the permitted use." DiDonato v. Zoning Board of Review,104 R.I. 158, 165, 242 A.2d 416, 420 (1968). At the hearing before the Board, Plaintiff provided testimony from a real estate expert, Mr. Thomas Clarkin, who testified that the variance requested is reasonably necessary for the full enjoyment of the permitted use of a single family home in this zoning classification. See
Transcript of May 21, 1996, hearing at p. 5. Relying on the reasoning of Felicio v. Fleury, 557 A.2d 480 (R.I. 1989) andGara Realty v. Zoning Board of Review of South Kingston,523 A.2d 855 (R.I. 1987), Plaintiff argues that strict application of the ordinance which denies an applicant permission to construct a residential single family house in a zone where such use is permitted amounts to more than a mere inconvenience. With facts somewhat similar to those of the case at bar, the plaintiff inGara was attempting to construct a single family dwelling with a sewerage system where the dimensional provisions of the Lot would preclude such a system. The court there held that where a lot situated in a residential zone could not be used for a dwelling if dimensional requirements were enforced, the standard of an adverse impact amounting to more than a mere inconvenience was satisfied. Id. at 858.
Furthermore, the applicant must also establish that, "the hardship that will be suffered by the applicant if the dimensional relief is not granted shall amount to more than a mere inconvenience, which shall mean that there is no other reasonable alternative to enjoy a legally permitted beneficial use of the property." Warwick Zoning Ordinance § 906 (3)(B)(2); R.I.G.L. (1956 Reenactment) § 45-24-41 (D)(2). A review of the record indicates there is no evidence that contradicts the opinion of Plaintiff's experts that strict compliance with the Ordinance would amount to a confiscatory taking by the town.
This Court finds that Plaintiff has met his burden of establishing that strict adherence to these regulations amounts to more than a mere inconvenience. However, in seeking a deviation, Plaintiff also is required to establish by substantial evidence:
 (1) That the hardship from which relief is sought is due to the unique characteristics of the subject land or structure and not the general characteristics of the surrounding area; and not due to a physical or economic disability of the applicant.
 (2) That the hardship is not the result of any prior action of the plaintiff and does not result primarily from the desire of the applicant to realize greater financial gain.
 (3) That the granting of the requested variance will not alter the general characteristics of the surrounding area or impair the intent or purpose of the zoning ordinance or the comprehensive plan of the city.
 (4) That the relief to be granted is the least relief necessary. Warwick Zoning Ordinance § 906.3(a); see also R.I.G.L. (1956 Reenactment) § 45-24-41(C).
Plaintiff provided expert testimony substantiating the requirements set forth in both the Warwick Zoning Ordinance § 906.3 and R.I.G.L. (1956 Reenactment) § 45-24-41 (C). Plaintiff initially argues that the relief requested is necessitated by the size and shape of the lot and that the need for relief arises from the substandard size and dimension of the lot. Plaintiff further contends that the relief requested is due to the unique characteristics of the Lot. Plaintiff notes in his brief that were the front yard and side setback requirements to be strictly enforced, a dwelling could be only seven feet wide and sixty-seven feet long. This being the case, the record demonstrates that the need for relief arises from the unique characteristics of the land.
Plaintiff next urges that the hardship is not the result of any prior action of the Plaintiff. Plaintiff has owned the lot since 1958, and his family had previously owned it since 1939.See Transcript of May 21, 1996, hearing at p. 2. Therefore the purchase of the land was prior to the enactment of the Warwick Zoning Ordinance. It is well established that a failure to develop land before a zoning change should not be considered a self-created hardship. DeStefano v. Zoning Board of Review ofWarwick, 122 R.I. 241, 248, 405 A.2d 1167, 1171 (1979); Dentonv. Zoning Board of Review of Warwick, 86 R.I. 219, 223,133 A.2d 718, 720 (1957). The hardship is not the result of any prior action of the Plaintiff.
The Zoning Enabling Act of 1991 states that neither "economic disability" nor a desire to "realize greater financial gain" is a valid consideration in the granting of a variance. Section45-24-41 (C)(1), (2). It is well-settled that a mere showing of a more profitable use that would result in a financial hardship if denied does not satisfy the requirement of our law. R.I. Hosp.Trust v. East Providence Zoning Board, 444 A.2d 862, 864 (R.I. 1982); Rozes v. Smith, 388 A.2d 816, 820 (R.I. 1978). However, "the court does not take this rule to mean that a property owner who was permitted by law to employ his property in a certain way can be reduced to any use that a city or town dictates accordingly to its whim." Johnson Wales College v. Diprete,448 A.2d 1271, 1280 (R.I. 1982). The fact that a single home residential dwelling is a permitted use under the Ordinance does not constitute an attempt on behalf of the Plaintiff to realize a greater financial gain. To deny the Plaintiff's application upon this basis would resort the use to agricultural purposes.
The Zoning Board denied the Plaintiff's application on the grounds that:
 "A. That the granting of this request would alter the general characteristics of the surrounding area because the proposed setback is substantially less than the setbacks on the lots within the immediate area." See Decision Letter to Plaintiff, June 19, 1996.
At the hearing, Plaintiff's experts testified that the proposal would not alter the general characteristics of the surrounding area. See Transcript of May 21, 1996, hearing, p. 5. However, the Board made a determination that the setbacks would alter the surrounding area. The Board did disclose that it would take a view of the area stating, "We've seen the property and we will make our judgment." See Transcript of May 21, 1996, meeting at p. 10. The Rhode Island Supreme Court has stated that bare statements that the Board has viewed the property and neighborhood but was silent as to what it saw is not enough to provide legal evidence sufficient to back its decision.Buckminister v. Zoning Board, 68 R.I. 516, 30 A.2d 104 (1943). A review of the record does not evidence or demonstrate that the proposed property will have an adverse effect on the surrounding neighborhood other than the setback requirements for which relief is sought. There being no legal evidence upon which the decision could reasonably rest, the Board's action was arbitrary and an abuse of discretion. See DeStefano v. Zoning Board of Review,122 R.I. 241, 247, 405 A.2d 1167, 1173 (1979); V.S.H. Realty,Inc. v. Zoning Board of Review, 103 R.I. 16, 19, 234 A.2d 355, 357 (1967).
The Board additionally concluded:
 "B. The relief requested from the setback regulations will impair the intent and the purpose of the zoning ordinance and the comprehensive land use plan for the city of Warwick because the proposed setback is severely insufficient from Inez Avenue. Inez Avenue is presently a paper street, not an abandoned street, therefore the proposed setbacks must be met, Inez Avenue may at some point be paved and become a public throughway. The setback proposed will hamper visibility for motorists utilizing Inez Avenue." See Decision Letter to Plaintiff, June 19, 1996, p. 2.
Evidence of traffic congestion and hazards is, of course, germane to whether or not a proposed use will adversely affect the public convenience and welfare. (Emphasis added.) Bonitati Bros. v.Zoning Bd. of Woonsocket, 104 R.I. 170, 171, 242 A.2d 692, 693 (1968). It is apparent that the Board, in making its decision, relied upon a concern for public health, safety, welfare and morals that is normally applied in special exception relief.Hester v. Timothy, 108 R.I. 376, 385-86, 275 A.2d 637, 641-42 (1971) (citing Nani v. Zoning Board of Smithfield,104 R.I. 150, 156, 242 A.2d 403 (1968)). This concern for the potential traffic hazard on Inez Avenue is a paramount concern for the case of a special exception. Under the principles enunciated in Vitiv. Zoning Board of Review, 92 R.I. 59, 166 A.2d 211 (1960), where a property owner is seeking relief from area and setback requirements for a use permitted by the ordinance, he need demonstrate only an adverse impact amounting to more than a mere inconvenience.
The Plaintiff further argues that the Board failed to supply any factual support for its conclusion and said decision lacks any probative force. The Board made a final determination that denied the Plaintiff's application stating:
 "The proposed setback relief is not the least relief necessary because the house could be made smaller and/or moved further back on the lot." See Decision Letter to Plaintiff, June 16, 1996, p. 2.
A review of the record indicates that the Plaintiff's expert testified that the denial of relief requested would result in a confiscatory taking and leave the owner without any economical viable use for the land. See Transcript of May 21, 1996, Hearing at p. 5. The Board's reasoning that the setback relief is not the least relief necessary because the house could be made smaller and/or moved further back on the lot is not supported by any competent evidence of record. Plaintiff intends to construct a 24 foot by 30 foot residential dwelling. It is apparent that Plaintiff is constructing the smallest house possible under the circumstances. Furthermore, Plaintiff's proposed structure is currently placed eight feet from the back lot line.
After reviewing the entire record, this Court finds that the decision of the Zoning Board was clearly erroneous in view of the reliable, probative and substantial evidence and that the Board's denial of the relief requested constituted an abuse of discretion. Furthermore, that decision prejudiced the substantial rights of the Plaintiff. Accordingly, the decision of the Warwick Zoning Board of Review hereby is reversed.
Counsel for the prevailing party shall prepare an appropriate judgment for entry.
[1] This measurement pertains solely to Wellington Avenue.