DECISION
Before the Court is an appeal from a decision of the Town of Smithfield Zoning Board of Review (Board). AV Realty (appellant) seeks reversal of the Board's decision of May 27, 1998, denying its application for a special use permit and relief from dimensional regulations. Jurisdiction in this Court is pursuant to G.L. 1956 § 45-24-69.
 Facts and Travel
The appellant filed an application for a special use permit and dimensional variances with the Board on May 1, 1998. The property in question is located on Putnam Pike (Route 44), in the Town of Smithfield, and is designated as Assessor's Plat 43, Lots 21A 21C. The property, which contains over thirty (30) acres, is situated in a "Planned Development" zoning district. The appellant proposed to construct two buildings for retail and office use. The first was to be a two story, thirty thousand (30,000) square foot building. The second was to contain one hundred fifteen thousand (115,000) square feet of retail space and sixteen thousand two hundred (16,200) square feet for a "Garden Center."
At a properly advertised hearing on May 27, 1998, the Board heard the appellant's application for a special use permit and for dimensional relief from the Town of Smithfield's Zoning Ordinance (Ordinance). The appellant sought a special use permit because such a permit is required in order to build a shopping center in a Planned Development district. The relief from dimensional requirements sought were (1) Side yard and rear yard variances for the first building from setback requirements of 100 feet and 40 feet to 63 feet and 25 feet, respectively; (2) a rear yard variance for the second building, from a required 100 feet to 40 feet; and (3) a wetlands variance to allow the proposed parking area to extend to the edge of certain freshwater wetland and for the second building to come within 35 feet of the wetland, instead of the required 100 foot setback. See Ordinance at Table 1: Dimensional Regulations.
At the hearing, the Board heard expert testimony from Ralph Cataldo, a registered civil engineer. Mr. Cataldo testified that the "proposed development would not alter the general characteristics of the surrounding area or impair the intent or purpose of the Zoning Ordinance or Comprehensive Plan of [Smithfield]," and that the development would have a "negligible impact" on traffic in the area. Zoning Decision at page 2. The Board also heard expert testimony from Brian Bucci, a professional real estate broker and consultant. Mr. Bucci testified that the proposed development would not detrimentally effect [sic] surrounding property values, nor would it have an "adverse impact on the health, safety and welfare of . . . the Town." Zoning Decision at page 3. Mr. Bucci also testified that denying the application would "result in an adverse impact amounting to more than a mere inconvenience." Zoning Decision at page 3. The Board also heard testimony from several individuals opposed to the proposed development, for reasons such as aesthetics, safety, and potential tenants of the buildings. By a 3-2 vote, the Board denied the appellant's application, determining that:
 "1. the special uses sought were not authorized by Section 5-15-2 of the Zoning Ordinance since they require dimensional relief;
 2. the special uses do not meet all the criteria set forth in the subsection of the Zoning Ordinance authorizing such special uses; [and]
 3. the granting of the special use permits will alter the general character of the surrounding area and impair the intent or purpose of the Town of Smithfield Zoning Ordinance and the Comprehensive Plan of the Town." Zoning Decision at page 3.
 Standard of Review
This Court's appellate jurisdiction of zoning board of review decisions is pursuant to G.L. 1956 § 45-24-69 (D), which states:
 "(D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
When reviewing the decision of a zoning board of review, this Court must examine the entire certified record to determine whether substantial evidence exists to support the finding of the zoning board of review. Salve Regina College v. Zoning Bd. ofReview, 594 A.2d 878, 880 (R.I. 1991) (citing DeStefano v. ZoningBd. of Review of Warwick 122 R.I. 241, 245, 405 A.2d 1167, 1170 (1979)); see also Restivo v. Lynch, 707 A.2d 663 (R.I. 1998). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a preponderance." (Caswell v. George Sherman Sand and Gravel Co.,Inc., 424 A.2d 646, 647 (R.I. 1981) (citing Apostolou v.Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978)). The essential function of the zoning board of review is to weigh evidence with discretion to accept or reject the evidence presented. Bellevue Shopping Center Associates v. Chase,574 A.2d 760, 764 (R.I. 1990). Moreover, this Court should exercise restraint in substituting its judgment for the zoning board of review and is compelled to uphold the board's decision if the Court "conscientiously finds" that the decision is supported by substantial evidence contained in the record. Mendonsa v. Corey,495 A.2d 257 (R.I. 1985) (quoting Apostolou v. Genovesi,120 R.I. 501, 507, 388 A.2d 821, 825 (1978)
 The Relief Sought
The appellant sought a special use permit pursuant to § 5.15 of the Ordinance.[1] This section, entitled Planned Development District, allows for a shopping center to be developed if the Board grants a special use permit. Ordinance § 5.15.2 (b)(1)(j). The appellant also sought relief from the dimensional requirements of the Planned Development District set out in Table 1 of the Ordinance.
Our Supreme Court has held that variances from dimensional requirements are not permitted when the use of the property in question has been granted by special use permit. NortheasternCorporation v. Zoning Board of Review of New Shoreham,534 A.2d 603 (R.I. 1987). In a subsequent decision, Newton v. Zoning Boardof Review of Warwick, 713 A.2d 239 (R.I. 1998), the Supreme Court held that its decision in Northeastern Corporation was not superseded by a new Zoning Enabling Act (G.L. 1956 §§ 45-24-41
and 45-24-42) adopted by the Rhode Island Legislature in 1991.
The appellant argues that the law set out in Newton could not control its application because Newton was decided on June 12, 1998, while the Board's decision was made on May 27, 1998. Although Newton was not decided at the time of the Board's decision, the application was still controlled by NortheasternCorporation. Newton did not create new law, but simply held thatNortheastern Corporation still controlled after the new Enabling Act was adopted. Newton, 713 A.2d at 241.
The appellant also argues, in a supplemental brief, that § 5.3.8 of the Ordinance specifically allows the Board to grant dimensional relief via a special use permit when the use of the property has been granted by special permit. Section 5.3.8 reads:
 "The Zoning Board may grant by Special Use permit in accordance with Article 10 relief from the dimensional and intensity regulations of this Ordinance for any use it authorizes by Special Use Permit except for intensity regulations with regard to floor area to lot size ratio and residential density."
Our Supreme Court has noted that "Deviations from regulations dealing with area restrictions such as side and rear yard lines . . . may be granted in this state . . . as a specialexception where the ordinance so provides . . . ." NortheasternCorp., 534 A.2d at 606. (Emphasis added.)
Section 5.38 does allow the Board to provide dimensional relief to a property being developed pursuant to a special use permit. Here, however, the appellant was seeking a special use permit simply to develop the property in question; the dimensional relief it sought was in addition to the special use permit. Pursuant to § 5.3.8, the appellant's burden was to satisfy the standards for a special exception for dimensional relief. Dimensional relief, which would constitute a dimensional variance, cannot be granted in conjunction with a conditionally permitted use.
After a review of the entire record, the Court finds that the decision of the Smithfield Zoning Board of Review did not constitute an error of law and was supported by the reliable, probative, and substantial evidence of record. Substantial rights of the appellants have not been prejudiced. Accordingly, the decision of the Smithfield Zoning Board of Review is sustained.
Counsel shall prepare the appropriate order.
[1] The subject provisions of the 1994 ordinance, on which the parties rely, are identical to those of the amended 1998 provisions, exclusive of numbering.