DECISION
Before this court is an appeal from a decision of the Town of South Kingstown Zoning Board of Review (Board) upholding the building inspector's citation of Philip C. Sherburne and Renee M. Sherburne (appellants) for violation of zoning ordinances. Appellate jurisdiction is pursuant to G.L. 1956 § 45-24-69.
 Facts/Travel
On May 8, 1992,[1] after receiving a complaint and after personally observing a sign at 2751 Commodore Oliver Hazard Perry Highway stating "Lawn Mowers for Sale" next to a row of lawnmowers, the Town of South Kingstown Building Inspector, Russell Brown, issued a notice of violation to the appellants. The notice stated that the appellants were in violation of Section 220, Use Codes 6499, 596, and 599 of the town ordinances by repairing and selling lawnmowers in a residential zone. The appellants reside at 2751 Commodore Oliver Hazard Perry Highway in South Kingstown. This property is further identified at Lot 20 on Assessor's Map 80-2 and is located in an RR-80 (rural residential) zoning district.
On June 3, 1992, the appellants filed an appeal of the building inspector's violation notice with the Board, along with a request for a variance. The variance requested relief from the zoning ordinances limitation on square footage requirements and from the prohibition of signs for display of occupation under the customary home occupation provisions. A public hearing was held on July 15, 1992, at which the appellants withdrew their request for a variance from the square footage requirement. (Tr. at 1). At the hearing, all six members of the Board heard evidence, with one member sitting as an alternate.[2] The Board voted unanimously, 5-0, to uphold the violation notice and denied the request for variance.[3]
The appellants appealed the Board's decision to the Superior Court. On November 12, 1993, Justice Thunberg[4] rendered a decision stating that "whether a home occupation is customary is judged an a state-wide basis." (Tr. of Dec. dated 11/12/93 at 5). The court remanded the case to the Board to hear testimony as to whether the repair and sale of lawnmowers is considered a customary home occupation in the State of Rhode Island (State). The court also held that "if the board members who are sitting in judgment [on remand to the Board] are not the same people who heard evidence before, you're going to have to start all over again." (Id. at 9)
On August 17, 1994, a hearing was held before the Board, of which 5 of the original 6 Board members were present to hear the remand.[5] The only issue before the Board was to determine whether lawnmower repair and sales is considered a customary home occupation on a state-wide basis, as directed by Justice Thunberg.
The Board heard testimony from the appellant Philip Sherburne. Mr. Sherburne testified that he has been repairing mowers at this property since 1982. Mr. Sherburne also presented photographs taken by him in 1994, one in Narragansett and two in Charlestown, that allegedly depicted sites of lawnmower repairs in residential zones in those towns. Mr. Sherburne stated that he was relying upon information provided by the homeowners that the areas were zoned residential and that he did not know whether the properties were nonconforming uses. He further stated that he had not inquired with the respective towns as to the status of these home businesses as he didn't want to "try to set them up with a violation," (Tr. of Hearing dated 8/17/94 at 32).
The Board also heard testimony from Mr. Brown, the Building Inspector for the town of South Kingstown. Mr. Brown testified that he sent a letter to all the towns and cities in the State asking whether they considered lawnmower repair and sales to be customary home occupations. Twenty of the thirty-eight towns or cities, not including South Kingstown, responded to the request. Of those twenty, eighteen stated that they do not consider lawnmower repair and sales to be a customary home occupation. These responses were admitted as exhibits to the Board. In addition, two neighboring remonstrants testified against the application. One neighbor testified that he had done research at the Providence Public Library which indicated that while lawnmower repair may have been considered a customary home occupation at one time, this was no longer true.
On September 6, 1994, the Board voted unanimously to uphold the building inspector's notice of violation. Appellants filed this timely appeal.
 Standard of Review
This court possesses appellate review jurisdiction of a zoning board of review decision pursuant to G.L. § 45-24-69(D):
 "(D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are;
 (1) In violation of constitutional, statutory or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
"In reviewing the action of a zoning board of review, the trial justice "must examine the entire record to determine whether `substantial' evidence exists to support the board's findings.Toohey v. Kilday, 415 A.2d 732, 735 (R.I. 1980) (citing DeStefanov. Zoning Bd. of Review of Warwick, 122 R.I. 241, 245, 405, A.2d 1167, 1170 (1979); Apostolou v. Genovesi, 120 R.I. 501, 504,388 A.2d 821, 824-25 (1978)). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more that a scintilla but less than a preponderance." Apostolou
at 825. Moreover, this court should exercise restraint in substituting its judgment for the zoning board of review and is compelled to uphold the board's decision if the court "conscientiously find" that the decision is supported by substantial evidence contained in the record. Mendonsa v. Corey,495 A.2d 257 (R.I. 1985)(citations omitted).
 Customary Home Occupation
Appellants argue that upon remand they were entitled to a new hearing and that at the remand hearing on August 17, 1994, the Board overlooked the testimony of Theodore Low. In addition, appellants argue that the Board erred in concluding that lawnmower repair and sales is not considered a customary home occupation in this State.
The appellants first argue that they were entitled to a new hearing after Justice Thunberg remanded their appeal of the notice violation and on their request for a variance. The appellants base their argument on statements made by Justice Thunberg in her decision of November 12, 1993. The appellants' reliance on the justice's statements are misplaced.
At the decision hearing on November 12, 1993, Justice Thunberg stated that "if the board members who are sitting in judgment are not the same people who heard evidence before, you're going to have to start all over again." (Tr. of Dec. dated 11/12/93 at 9). Although one of the five members who voted on the original application is no longer a member of the Board, all six members heard evidence on the original application. The sixth member, who did not vote on the original application, is still a member of the Board and took part in the remand hearing. As all five members hearing the remand also heard the evidence in the original application, there was no procedural error concerning the remand hearing.
Next, the appellants argue that the Board overlooked the testimony of Theodore Low. At the August 17, 1994 hearing, Mr. Low testified that although he was not an expert, he had done research at the Providence Public Library. He testified that he found that while lawnmower repair may have been considered a customary home occupation at one time in the State, that was no longer the case. As this testimony is in opposition to the appellants' position, it is difficult to understand why the appellant would want to ensure that his testimony was properly considered by the Board. Even so, as Mr. Low was permitted to completely testify before the Board, and there is no evidence that the Board refused to consider his testimony or that the Board gave improper weight to his testimony, this court finds no error regarding the testimony of Mr. Low.
Finally, the appellants argue that the Board erred in concluding that lawnmower repair and sales is not a customary home occupation in the State. Specifically, the appellants state that the conclusions of the building inspector regarding the survey of towns and cities in the State were incorrect and that the Board misconstrued this evidence.
Section 45-24-31 of the General Laws provides that a home occupation is "[a]ny activity customarily carried out for gain by a resident, conducted as an accessory use in the resident's dwelling unit." G.L. 1956 § 45-24-31(33). The statute further describes a dwelling unit as "[a] structure or portion of a structure providing complete, independent living facilities for one or more persons, including permanent provisions for living, sleeping, eating, cooking, and sanitation, and containing a separate means of ingress and egress." § 45-24-31(23).
In addition to the General Laws as a guide, the Board had before it the testimony of the appellant, of the building inspector, and of 2 neighboring remonstrants while considering whether lawnmower repair and sales is a customary home occupation in the State. Appellant Philip Sherburne testified, and presented photographs as evidence, that he was aware of at least three other lawnmower repair and sales businesses existing in residential zones in the State. However, Mr. Sherburne could not verify whether these businesses were in violation of zoning ordinances or whether these businesses were permitted uses. The Board also received evidence from the building inspector. The building inspector had sent a request to all of the cities and towns in the State inquiring whether lawnmower repair and sales was considered a home occupation in those cities and towns. He received twenty responses and presented those responses to the Board at the August 17, 1994 hearing. Only tow of the twenty towns responding considered lawnmower repair and sales to be a customary home occupation. This court find that based on the substantial evidence before the Board, its decision was not clearly erroneous nor did the Board misconstrue the evidence presented by the building inspector.
 Conclusion
After review of the entire record, this court finds that the decision by the Board concluding that a lawnmower repair and sales business is not a customary home occupation, and thereby upholding the notice of violation issued by the building inspector, is supported by substantial evidence in the record and was not arbitrary or capricious. The court further finds that substantial rights of the appellant have not been prejudiced.
[1] A violation notice was first sent to the appellants on May 2, 1992 regarding the repair and sale of lawn mowers at the property. In that notice, the building inspector incorrectly cited the ordinance violated as section 599, instead of section 5999. (Tr. of App. to Bd. at 4-5.) The building inspector sent a corrected notice 5 days later, citing the proper ordinance.
[2] On July 15, 1992, the Board consisted of six members: Ernest D. George Jr., Chairman; Mary S. Eddy; John B. Chaffee; Robert Toth; Gerald Zaroogian; and John Manchester.
[3] Following the July 15, 1992 hearing, pursuant to G.L. §45-24-19, 5 members voted on the appeal and variance application. The 5 voting members were Ernest D. George Jr., Mary S. Eddy, John B. Chaffee, Robert Toth, and Gerald Zaroogian.
[4] At the time of the hearing, Justice Thunberg was known as Justice Famiglietti. Her name has since changed and she will be referred to under present name in this decision.
[5] The 5 members hearing the remand were Ernest D. George Jr., Mary S. Eddy, John B. Chaffee, Robert Toth, and John Manchester.