DECISION
Before this Court is an appeal from the City of Pawtucket Zoning Board of Review ("Board"), which granted Gregory Nazarian a dimensional variance. Appellant Ibrahim Saleh ("Appellant"), a neighbor of Nazarian's, seeks reversal of the Board's decision. Jurisdiction is pursuant to G.L. 1956 § 45-24-69.[1]
 FACTS AND TRAVEL
Nazarian is the owner of a nine unit building located at 79 Cottage Street in Pawtucket, also identified as Tax Assessor's Plat 21, Lot Nos. 116 and 139. The property is approximately 17,000 square feet in size, and is located in a Residential Multi-Family *Page 2 
Zone ("RM Zone"), which requires 3000 square feet per unit for a multi-family dwelling. (Code of the City of Pawtucket, § 410-44.)
The Board granted Nazarian a dimensional variance in 2003 (the "2003 variance") before he rented any of the units at 79 Cottage Street. At the time, the Code of the City of Pawtucket (the "Pawtucket Code") required a multi-family building to provide each unit with 2000 square feet. (Appellant's mem. at 6.) As the 17,000 square foot building would provide each of the nine units an average of approximately 1890 square feet of space, Nazarian sought and was granted, over the Appellant's objection, a dimensional variance, on the condition that Nazarian remove four parking spaces on his property.
Nazarian is currently applying for a second dimensional variance to convert unused storage space in his property's basement into a one bedroom apartment. The Board held a hearing on his application on November 1, 2005, when evidence and testimony were presented both for and against the application.
In support of his requested relief, Nazarian asserted that the most logical use of the storage space in question would be as a one-bedroom apartment. (Tr. 11/1/05 at 3.) Nazarian further asserted that an additional tenth unit at his property would ease his ability to pay the property's maintenance fees. (Tr. 11/1/05 at 7.) Nazarian also testified that adding one more unit to his property would not aggravate an already existing congestion problem because Cottage Street was not congested in the first place. (Tr. 11/1/05 at 3.)
In rebuttal, several witnesses spoke against Nazarian's application. One neighbor testified that a tenth unit at Nazarian's property would add to the loud noises that *Page 3 
Nazarian's current tenants already generate. (Tr. 11/1/05 at 11.) The Appellant expressed a similar sentiment, testifying that he had been unable to enjoy a quiet night at his home since Nazarian constructed his building. (Tr. 11/1/05 at 15.) The Appellant also asserted that Nazarian could not possibly meet the requisite hardship burden for a dimensional variance. (Tr. 11/1/05 at 15.) Finally, a third neighbor, the first witness's brother and housemate, testified that the neighborhood was no longer peaceful since Nazarian had occupied his building with loud tenants. (Tr. 11/1/05 at 17).
Beyond this testimony, the Board was provided with several documents. Included in this material was a letter from Pawtucket attorney John Finan, Jr., which advised the Board to grant Nazarian's variance because Nazarian had improved the Cottage Street neighborhood several times since constructing his building. (Tr. 11/1/05 at 4.) The Board also had for consideration an advisory opinion from the Pawtucket Planning Board, which opposed Nazarian's application for a dimensional variance on the following basis: "[T]he application does not meet the tests for the dimensional variance, is not the least relief necessary and is inconsistent with the Comprehensive Plan." (Appellant's Exhibit C.)
On November 7, 2005, the Board reconvened to vote on Nazarian's application. The Board initially noted that Nazarian had failed to remove any of the four parking spaces pursuant to the 2003 ordinance. The Board then passed a motion approving Nazarian's 2005 application, on the condition that he remove two of the four parking spaces identified in the 2003 variance, which would bring the parking lot on Nazarian's property into compliance with § 410-76 of the Pawtucket Code. *Page 4 
The Board issued a written decision on December 15, 2005, granting Nazarian's application. On January 4, 2006, the Appellant timely filed an appeal to this Court for review.
 STANDARD OF REVIEW
The standard of review for the Superior Court's appellate consideration of a zoning board's decision is governed by § 45-24-69(D), which states:
 The Court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
"The Superior Court reviews the decisions of a plan commission or board of review under the `traditional judicial review' standard applicable to administrative agency actions." Restivo v. Lynch,707 A.2d 663, 665 (R.I. 1998). When reviewing a zoning board decision, the Superior Court "lacks the authority to weigh the evidence, to pass upon the credibility of witnesses, or to substitute his or her findings of fact for those *Page 5 
made at the administrative level." Id. at 665-66 (quoting Lett v.Caromile, 510 A.2d 958, 960 (R.I. 1986)). The Court must examine the entire record to determine whether substantial evidence exists to support the board's decision. Salve Regina College v. Zoning Bd. ofReview, 594 A.2d 878, 880 (R.I. 1991). "Substantial evidence. . . means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion, and means [an] amount more than a scintilla but less than a preponderance." Lischio v. Zoning Bd. of Review of NorthKingstown, 818 A.2d 685, 690 n. 5 (R.I. 2003) (quoting Caswell v. GeorgeSherman Sand Gravel Co., Inc., 424 A.2d 646, 647 (R.I. 1981)). Thus, the reviewing court must examine the record to determine whether competent evidence exists to support the Board's decision. Compare NewEngland Naturist Assoc., Inc. v. George, 648 A.2d 370, 371 (R.I. 1994) (quashing Superior Court judgment based on erroneous ruling), with vonBernuth v. Zoning Bd. of Review of New Shoreham, 770 A.2d 396, 401-02
(R.I. 2001) (denying relief granted by zoning board based on lack of competent evidence and remanding to Superior Court). Conclusional or insufficient evidence warrants the reversal of a zoning board's decision. Hopf v. Bd. of Review of City of Newport, 120 R.I. 275,230 A.2d 420 (1967).
 DECISION OF THE ZONING BOARD
Section 45-24-41(C) of the State Zoning Enabling Act and § 410-113(A)(1) of the Pawtucket Code set forth the legal standards that the Board is required to apply when deciding to issue a dimensional variance:
 [I]n granting a variance, the Board shall require that evidence to the satisfaction of the following standards be entered into the record of the proceedings:
 (a) that the hardship from which the applicant seeks relief is due to the unique characteristics of the subject land or structure and not to the general *Page 6 
characteristics of the surrounding area; and not due to a physical or economic disability of the applicant;
 (b) that said hardship is not the result of any prior action of the applicant and does not result primarily from the desire of the applicant to realize greater financial gain;
 (c) that the granting of the requested variance will not alter the general characteristic of the surrounding area or impair the intent of this zoning ordinance or the comprehensive plan of the City;
 (d) that the relief to be granted is the least relief necessary.
In addition, section 45-24-41(D) of the State Zoning Enabling Act and § 410-113(A)(2)(b) of the Pawtucket Code state that the Board shall, in considering requests for dimensional variances,
 require that evidence be entered into the record of the proceedings showing that. . . the hardship that will be suffered by the owner of the subject property if the dimensional variance is not granted shall amount to more than a mere inconvenience. The fact that a use may be more profitable or that a structure may be more valuable after the relief is granted shall not be grounds for relief.
Moreover, the Supreme Court of Rhode Island has indicated that the decisions of zoning boards must expressly address each of the above criteria. In Sciacca v. Caruso, the Court warned:
 We take this opportunity, however, to caution zoning boards and their attorneys to make certain that zoning board decisions on variance applications (whether use or dimensional) address the evidence in the record before the board that either meets or fails to satisfy each of the legal preconditions for granting such relief, as set forth in § 45-24-41(c) and (d) [or as it applies here § 410-113 (A)(1) and (A)(2)(b)]." Sciacca v. Caruso, 769 A.2d 578, 585 (R.I. 2001).
In its decision, the Board made the following findings of fact:
 The Board finds that it is clear that the applicant seeks relief from the zoning ordinance provisions regulatory of the permitted use of land. The applicant is not requesting a true variance, so called, pursuant to which it *Page 7 
could make use of the land that is not a permitted use under the terms of the Pawtucket Zoning Ordinance.
After restating § 410-133(A)(1) and (A)(2)(b), the Board then made the following conclusions:
 Based on the facts offered by the applicant at the hearing, and based on the Board's own inspection of the subject parcel, it appears that if a Dimensional Variance is not granted to the applicant, he will suffer an adverse impact amounting to more than a mere inconvenience since the relief being sought is reasonably necessary for the full enjoyment of the permitted use.
In providing such unsubstantial findings of fact, the Board failed to address any of the conditions in § 410-113(A)(1) and (A)(2)(b). For instance, the Board made no finding as to whether the hardship results primarily from the unique characteristics of the land on which the property is located, or whether the hardship results from the prior action of Nazarian. When a zoning board fails to make those requisite findings, this Court will not look to the record, even if substantial evidence in the record would support the zoning board's ultimate conclusion. Kaveny v. Town of Cumberland Zoning Bd. of Review,875 A.2d 1, 8 (R.I. 2005) ("When the zoning board fails to state findings of fact, the Court will not search the record for supporting evidence or decide for itself what is proper in the circumstances.") (quotingIrish P'ship v. Rommel, 518 A.2d 356, 359 (R.I. 1986).
Moreover, while the Board asserts that it based its decision on an "inspection of the subject parcel," any conclusions that the Board drew from an inspection of Nazarian's property are only entitled to deference if the record contains a reasonable disclosure of the knowledge that the Board acquired through its inspection. V.S.H. Realty, Inc. v. Zoning Bd.of Review of the City of Warwick, 103 R.I. 16, 19, 234 A.2d 355, 357 *Page 8 
(1967); Perron v. Zoning Bd. of Review of the Town of Burrillville,117 R.I. 571, 576, 369 A.2d 638, 641 (1977). Here, the record is silent on any knowledge that the Board acquired through an inspection of Nazarian's property that would be relevant to § 410-113(A)(1) and (A)(2)(b) of the Pawtucket Code. Indeed, the little documentation in the record of the Board's inspection of Nazarian's property concerns the four parking spaces that Nazarian was required to remove pursuant to the 2003 variance. Tr. 11/7/05 at 7. Accordingly, the Board's inspection did not provide probative legal evidence to support its conclusions.
After review of the Board's decision, this Court finds that the Board failed to make sufficient findings and conclusions applying the facts to the conditions of § 410-113 (A)(1) and (A)(2)(b). Accordingly, this matter is remanded to the Board so that it may make further findings of fact, addressing whether Nazarian satisfies the conditions of § 410-133(A)(1) and (A)(2)(b) of the Pawtucket Code.
 CONCLUSION
When granting Nazarian his requested dimensional variance, the Board failed to make sufficient findings of fact. This Court will not look to the record when the Board fails to state findings of fact addressing each of the requisite conditions of law for a dimensional variance. Therefore, this matter is remanded to the Board, so that it may make further findings of fact consistent with this opinion. Jurisdiction shall be retained by this Court.
[1] Both the Board and the petitioner before the Board raise an affirmative defense. They challenge this Court's subject matter jurisdiction, alleging appellant's failure to file his complaint within the 20 day time frame specified in § 45-24-69. Neither the Board nor the petitioner presented any evidence before this Court to support their claim. While this Court has the power to rule that this argument has been waived, the Court will rule on this affirmative defense. § 45-24-69
states, "An aggrieved party may appeal a decision of the zoning board to the superior court . . . within twenty (20) days after the decision has been recorded and posted in the office of the city or town clerk." The decision of the Board was dated December 15, 2005. As no evidence was submitted as to when the decision was "recorded" and "posted" as required by the statute, this Court will presume that the decision was "recorded" and "posted" on December 15, 2005. The complaint was filed on January 4, 2006 — exactly 20 days after the date of the Board's decision, as defined by Rhode Island case law. Hester v. Timothy,108 R.I. 376, 382, 275 A.2d 637, 640 (1971) (indicating that the 20 day time period within which a decision of a zoning board may be appealed begins the day after the decision was filed). Saleh's appeal to this Court is therefore timely.