DECISION
This matter comes before the Court on appeal from a decision of the Town of Jamestown Zoning Board of Review (the "Zoning Board"). The plaintiffs seek reversal of the Zoning Board's decision granting defendant Cajacet Farms, LLC ("Cajacet") a dimensional variance to create three lots with substandard frontage pursuant to Article VI, Sections 606 and 607(2) of the Town of Jamestown Zoning Ordinance (the "Ordinance"). Jurisdiction of this Court is pursuant to G.L. 1956 (1991 Reenactment) § 45-24-69.
 Facts/Travel
Cajacet owns approximately sixty acres of property in Jamestown, Rhode Island (the "property"). The property is zoned RR80, which permits division of the property into two-acre lots for single-family residences. The plaintiffs are owners of two lots adjacent to the Cajacet property. Cajacet proposed to subdivide the property into five lots. However, lots 1, 3, and 4 of the property lacked the required frontage on a public street as required by Article III, Section 302, Table 3-2, District Dimensional Regulations of the Ordinance. On or about May 9, 1997, the Jamestown Planning Commission preliminarily approved Cajacet's application for a minor subdivision subject to four conditions. On or about May 16, 1997, Cajacet filed an application with the Zoning Board for dimensional variances on lots 1, 3, and 4.
On or about June 24, 1997, the Zoning Board, by a 5-0 vote, granted Cajacet the dimensional variances on lots 1, 3, and 4. The Zoning Board made the following findings of fact: (1) Said property is located in a RR80 zone and contains 61 ± acres; (2) This plan was extensively reviewed by the Jamestown Planning Commission and was approved by that commission (3) One abutter spoke in favor of this application and (4) The applicant did show alternate plans that did show a much more intensive use, but has made application for a use that retains the rural character of that area. The Zoning Board placed the following restrictions on the granting of the variances: (1) The deed to lot 1 will specifically contain a restriction from ever being subdivided; and (2) the conditions of the Jamestown Planning Commission shall be followed exactly. The plaintiffs appeal the foregoing decision.
 Standard of Review
This Court possesses appellate review jurisdiction of the Zoning Board's decision pursuant to G.L. 1956 (1991 Reenactment) § 45-24-69, that states as flows:
 "The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law,
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
§ 45-24-69(D). The essential function of the Zoning Beard is to weigh the evidence presented at the hearing, and it has the discretion to either accept or reject any or all of the evidence.Bellevue Shopping Ctr. Assoc. v. Chase. 574 A.2d 760, 764 (R.I. 1990). This Court must examine and review the entire record to determine whether substantial evidence exists to support the findings of the Zoning Board. Salve Regina College v. Zoning Bd.of Review, 594 A.2d 878, 880 (R.I. 1991) (citing DeStefano v.Zoning Bd. of Review of Warwick, 122 R.I. 241, 245, 405 A.2d 1167, 1170 (1979). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more that a scintilla but less than a preponderance." Caswell v. GeorgeSherman Sand and Gravel Co., Inc., 424 A.2d 646, 647 (R.I. 1981) (citing Apostolou v. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978)). Furthermore, this Court may not substitute its judgment for that of the Zoning Board if it can "conscientiously find that the board's decision was supported by substantial evidence in the whole record." Apostolou, 120 R.I. at 507, 388 A.2d at 825.
 The Application for a Dimensional Variance
A dimensional variance is the "[p]ermission to depart from the dimensional requirements of a zoning ordinance, where the applicant for the requested relief has shown, by evidence upon the record, that there is no other reasonable alternative way to enjoy a legally permitted beneficial use of the subject property unless granted the requested relief from the dimensional regulations." G.L. 1956 (1991 Reenactment) § 45-24-31(61)(b). "However, the fact that a use may be more profitable or that a structure may be more valuable after the relief is granted shall not be grounds for relief" Id. The conditions for granting a variance can be found in Article VI, Section 606 of the Ordinance, which states as follows:
 "In granting a variance, the zoning board of review shall require that evidence to the satisfaction of the following standards be entered into the record of the proceedings:
 1. That the hardship from which the applicant seeks relief is due to the unique characteristics of the subject land or structure and not to the general characteristics of the surrounding area; and is not due to physical or economic disability of the applicant;
 2. That the hardship is not the result of any prior action of the applicant and does not result primarily from the desire of the applicant to realize greater financial gain;
 3. That the granting of the requested variance will not alter the general character of the surrounding area or impair the intent or purpose of the Ordinance or the Comprehensive Plan upon which the Ordinance is based; and
 4. That the relief to be granted is the least relief necessary."
Additionally, Article VI, Section 607(2) of the Ordinance requires the satisfaction of the following additional restriction prior to granting a dimensional variance:
 "`The zoning board of review shall, in addition to the above standards, require that the evidence be entered into the record of the proceedings showing that:
 . . . .
 2. In granting a dimensional variance, that the hardship that will be suffered by the owner of the subject property if the dimensional variance is not granted shall amount to more than a mere inconvenience, which shall mean that there is no other reasonable alternative to enjoy a legally permitted beneficial use of one's property. The fact that a use may be more profitable or that a structure may be more valuable after the relief is granted shall not be grounds for relief"
The language set forth in Sections 606 and 607(2) of the Ordinance mirrors the language contained in G.L. 1956 (1991 Reenactment) § 45-24-41.
The plaintiffs argue that the Rhode Island Zoning Enabling Act of 1991, G.L. 1956 (1991 Reenactment) § 45-24-27, et seq.
precludes the granting of a dimensional variance. The plaintiffs assert that the Zoning Board did not have the requisite evidence before them to satisfy the standards set forth in § 45-24-41(C) and (D)(2). The plaintiffs assert that the property is not unique in that it requires lot frontage. Furthermore, Cajacet is attempting to escape the financial burden of improving adjacent streets. Additionally, plaintiffs contend that relief is not necessary in the first place as Cajacet has frontage on existing streets. Moreover, the record lacks any evidence demonstrating that the hardship suffered by Cajacet in the denial of the dimensional variances amounts to more than a mere inconvenience, and there are no other reasonable alternatives for the use of the property. On the other hand, Cajacet argues that the record contains substantial evidence demonstrating the standards set forth in Article VT, Sections 606 and 607(2) have been satisfied.
The issue in this matter is whether or not sufficient evidence was presented at the hearing to support the Zoning Board's decision that lots 1, 3, and 4 each required a dimensional variance in conformity with the provisions of Article VI, Sections 606 and 607(2) of the Ordinance. The record demonstrated that Cajacet sought a variance due to the hardship of the size, shape, and existing frontage of the property, an unique characteristic to the property not commonly shared with any other parcel in the surrounding area. Although plaintiffs did not assert that Cajacet's hardship was the result of its own prior action, they contended that the hardship was a result of Cajacet seeking to realize a greater financial gain by avoiding the construction of a asphalt roadway. However, the Zoning Board made a finding of fact that Cajacet's application for a variance was for a use that retained the rural character of the area. The record also demonstrated that the granting of Cajacet's variances would not alter the general character of the area or impair the intent or purpose of the Ordinance. Additionally, the Zoning Board believed that the relief to be granted was the least relief necessary as it found that Cajacet showed alternate plans which had a much more intensive use of the property. Furthermore, the evidence contained in the record demonstrated that the denial of Cajacet's variance would amount to more than a mere convenience as the construction of streets would defeat the purpose of preserving the open space, the scenery, and rural character of the area in accordance with the Ordinance.
This Court will not substitute its own judgment for that of the Zoning Board. G.L. 1956 (1991 Reenactment) § 45-24-69(D). The record contains substantial evidence that a reasonable mind would accept as adequate to support the decision of the Zoning Board.Apostolou, 120 R.I. at 507, 388 A.2d at 825. The evidence in this matter indicates that the decision of the Zoning Board was not clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record," or "arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion." G.L. 1956 (1991 Reenactment) § 45-24-69(D)(5) and (6).
After a review of the entire record, including documents, exhibits, transcripts, and memoranda, this Court finds that the Zoning Board had competent evidence before them to grant the dimensional variances to Cajacet. Accordingly, the decision of the Zoning Board is hereby affirmed.
Counsel shall submit an appropriate order for entry.