DECISION
This is an appeal from a December 16, 1999, decision of the Zoning Board of Review of the Town of Hopkinton (the Board). In its decision the Board denied Bruce Brayman Builders Inc.'s (Brayman) Application for a Dimensional Variance. Brayman was seeking an area variance of 50,000 square feet, a frontage variance of 125 feet, and a sideyard variance of six feet. Jurisdiction is pursuant to G.L. 1956 § 45-24-69.
 FACTS/TRAVEL
The subject property (the lot), identified on the Hopkinton Tax Assessor's Plat 16, Lot 31A, is situated in a Rural, Farming, Residential Zone (RFR-80) as defined by the Hopkinton Zoning
Ordinance. The lot has an area of 30,000 square feet with 100 feet of frontage on Yagoo Road. The lot was once a portion of adjacent lot 31, which consists of some 140,000 square feet.
The lot was created on July 13, 1974, after the Town Council had amended the zoning ordinance to require 60,000 square feet of area, frontage of 200 feet, front yard setback of 60 feet, and side yard setback of 30 feet. As created, the lot had only one-half of the required area and only one half of the required road frontage as required by the ordinance. In 1992, the Town Council again amended the zoning ordinance. Among the changes, the minimum dimensional requirement was increased to 80,000 square feet, frontage to 225 feet, front yard setback was set at 60 feet, and the side yard set back at 40 feet.
On May 6, 1998, Brayman signed a sales agreement to buy lot 31A. The sales agreement was conditioned on Brayman's ability to obtain a building permit for a residence. This provision, included at
Brayman's request, allowed Brayman to withdraw without penalty, if it were unable to obtain a building permit. On August 6, 1998, Brayman closed on the lot without filing for or obtaining a building permit.
On May 9, 1999, Brayman applied to the Board for dimensional variances which included a 50,000 square foot area variance, a 125 foot frontage variance, and a six foot side yard variance. After advertising, the Board took testimony and evidence, over several meetings, on the variance application.
The Board denied the application by a vote of 4 to 1 on December 6, 1999. On January 21, 2000, the Board issued its written decision, in support of which the Board made detailed findings of fact and conclusions of law. Specifically, the Board found that by never seeking a building permit in the three months prior to buying the lot, Brayman caused the hardship from which he sought relief. In addition, the Board found that the hardship from which Brayman sought relief was due primarily from the desire to realize greater financial gain.
 STANDARD OF REVIEW
This court possesses appellate review jurisdiction of a zoning board of review decision pursuant to G.L. § 45-24-69(d):
 "(d) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
G.L. § 45-24-69(d)
In reviewing the action of a zoning board of review, the trial justice "must examine the entire record to determine whether substantial evidence exists to support the board's findings." Quattrocchi v. Finney, 1999 WL 1096064 (R.I. Super. 1999) (citing DeStefano v. Zoning Bd. of Review of Warwick, 122 R.I. 241, 245, 405 A.2d 1167, 1170 (1979); Apostolou v. Genovesi, 120 R.I. 501, 504, 388 A.2d 821, 824-25(1978)). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more that a scintilla but less than a preponderance." Apostolou at 825. Moreover, this court should exercise restraint in substituting its judgment for the zoning board of review and is compelled to uphold the board's decision if the court "conscientiously finds" that the decision is supported by substantial evidence contained in the record. Mendonsa v. Corey, 495 A.2d 257 (R.I. 1985) (citations omitted). This court's limited review applies even in cases where the court, after reviewing the certified record and evidence, might be inclined to view the evidence differently than the board. Berberian v. Dept. of Employment Security, 414 A.2d 480, 82 (R.I. 1980).
 THE BOARD'S WRITTEN DECISION
The Rhode Island Legislature requires that "[t]he zoning board of review shall include in its decision all findings of fact. . . ." G.L. 1956 § 45-24-61(a). Accordingly, the Supreme Court of Rhode Island cautions that "a municipal board, when acting in a quasi-judicial capacity, must set forth in its decision findings of fact and reasons for the action taken." Sciaccia v. Caruso, 769 A.2d 578, 585 (R.I. 2000) (quoting Irish Partnership v. Rommel, 518 A.2d 356, 358 (R.I 1986)). Further, the Supreme Court requires ". . . that zoning-board decisions on variance applications (whether use or dimensional) address the evidence in the record before the board that either meets or fails to satisfy each of the legal preconditions for granting such relief, as set forth in § 45-24-41 (c) and (d)." Id.
With respect to the preconditions of variance relief, Rhode Island General Law §§ 45-24-41 (c) and (d), provide as follows:
 "(c) In granting a variance, the zoning board of review requires that evidence to the satisfaction of the following standards is entered into the record of the proceedings:
 (1) That the hardship from which the appellant seeks relief is due to the unique characteristic of the subject land or structure and not to the general characteristics of the surrounding area; and is not due to a physical or economic disability of the applicant, excepting those physical disabilities addressed in § 45-24-30(16);
 (2) That the hardship is not the result of any prior action of the applicant and does not result primarily from the desire of the applicant to realize greater financial gain;
 (3) That the granting of the requested variance will not alter the general character of the surrounding area or impair the intent or purpose of the zoning ordinance or the comprehensive plan upon which the ordinance is based; and (4) That the relief to be granted is the least relief necessary.
 (d) The zoning board of review shall, in addition to the above standards, require that evidence is entered into the record of proceeding showing that:
 . . (2) in granting a dimensional variance, that the hardship suffered by the owner of the subject property if the dimensional variance is not granted amounts to more than a mere inconvenience, which means that there is no other reasonable alternative to enjoy a legally permitted beneficial use of one's property. The fact that a use may be more profitable or that the structure may be more valuable after the relief is granted is not grounds for relief."
G.L. §§ 45-24-41 (c) and (d).
The Board, in its December 16, 1999 decision, failed to address each of the provisions of the governing state statute. The decision denying Brayman's application did not address subsections (c)(1), (3), or (4) of § 45-24-41. Specifically, the Board failed to mention whether or not the relief requested was the least relief necessary. The decision was void of any determination of the feasibility of building a smaller residence. In addition, the Board failed to mention the effect on the surrounding area and comprehensive plan if the Board granted the requested relief. The Board should have stated in its decision whether or not there was evidence concerning the omitted provisions.
A review of the transcripts from the several hearings makes it clear that there in fact was evidence presented to the Board that would have permitted it to address, in its decision, the question of the least possible relief. Further hearings are not needed. Since this decision warrants a remand, the Court will not consider at this time the other arguments raised by the petitioner. As such, the Court remands this matter to the Board to make finding that address all the provisions of G.L. §§ 45-24-41 (c) and (d).
Counsel shall submit the appropriate order for entry.